DAVIDOR, Respondent, vs. ROSENBERG, Appellant.

*November 7—December 4, 1906.*

Ne exeat: *Functions at common law: Statutory provisions: "Any person:" "Sufficient grounds."*

1. The writ of *ne exeat* is not created, nor are its functions defined, by statute.
2. Secs. 2784–2786, Stats. 1898, recognize the common-law writ of *ne exeat* and make certain provisions regulating practice, but do not pretend to enlarge its scope.
3. At common law the writ of *ne exeat* was simply a writ to obtain equitable bail. It was issued by a court of equity on application of the complainant against the defendant when it appeared that there was a debt positively due, certain in amount or capable of being made certain, on an equitable demand not suable at law (except in cases of account and possibly some other cases of concurrent jurisdiction), and that the defendant was about to leave the jurisdiction, having conveyed away his property, or under other circumstances which would render any decree ineffectual. It was issued only against a debtor who was a party to the suit, not against a third person not a debtor whether he was a party to the suit or not.
4. Under sec. 2784, Stats. 1898 (providing that the writ of *ne exeat* may be granted to prevent "any person" from leaving the state), and sec. 2785 (providing that no writ shall be granted unless it appears that "sufficient grounds" exist therefor), "sufficient

Davidor v. Rosenberg, 130 Wis. 22.

grounds" mean grounds sufficient under the principles of the common law, and "any person" does not cover any one unless it appears that the party to whom the writ is directed is a debtor.

5. Before answering, upon an affidavit alleging that plaintiff was indebted to him for money loaned; that the plaintiff had transferred all his property to one D. without consideration and in fraud of creditors, and that both plaintiff and D. intended to leave the state with such property and leave the defendant remediless, defendant procured a writ of *ne exeat* to be issued against plaintiff and D., who were arrested and gave bail. Thereafter the writ was vacated. *Held*, that the writ was rightly vacated (1) as to D., who was neither a debtor nor a party to the action; (2) as to plaintiff, since the writ was not granted at common law on the application of the defendant against the plaintiff.          \

6. Sec. 2785, Stats. 1898, plainly recognizes and emphasizes the common-law principle that a writ of *ne exeat* is not granted on the application of a defendant, by providing that it shall only be granted on the affidavit of the *plaintiff* or some indifferent witness, and that the penalty of the bond or security to be given by the *defendant* shall be indorsed on the writ.

[7. Whether a defendant, who has already interposed a counterclaim showing a certain debt due him from the plaintiff on an equitable demand, may be regarded as a plaintiff so as to be entitled to the writ of *ne exeat* upon a proper showing, not determined.]

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

*Harry M. Silber*, for the appellant.

*C. H. Hamilton* and *William Kaumheimer*, for the respondent.

WINSLOW, J.    The plaintiff sued the defendant in equity alleging numerous money transactions between himself and the defendant and praying an accounting and judgment for the balance due.    The defendant before answering made affidavit alleging that plaintiff was indebted to him for money loaned; that plaintiff had recently transferred all his · real and personal property to one Alice M. Dawson without consideration and in fraud of his creditors; and that he had good reason to believe that both said Dawson and the plaintiff in-

tended to leave the state with such personal property and
leave the defendant remediless.    Upon this affidavit a writ of
*ne exeat* was issued against the plaintiff and said Dawson and
they were arrested and gave bail.    Upon motion the writ of
*ne exeat* was vacated, and the defendant appeals from the or-
der of vacation.

The writ of *ne exeat* is not created, nor are its functions
defined, by statute.   Secs. 2784, 2785, 2786, Stats. 1898, rec-
ognize the common-law writ and make certain provisions reg-
ulating the practice, but do not pretend to enlarge its scope.
As to the general functions of the writ and the grounds upon
which it may issue we must turn to the principles of the com-
mon law.    *Bonesteel v. Bonesteel,* 28 Wis. 245.   At common
law it was simply a writ to obtain equitable bail.   It was is-
sued by a court of equity on application of the complainant
against the defendant when it appeared that there was a debt
positively due, certain in amount or capable of being made
certain, on an equitable demand not suable at law (except in
cases of account and possibly some other cases of concurrent
jurisdiction), and that the defendant was about to leave the
jurisdiction, having conveyed away his property, or under
other circumstances which would render any decree ineffect-
ual.    *Dean v. Smith,* 23 Wis. 483; *Rhodes v. Cousins,* 6
Rand. 188, 191, 18 Am. Dec. 715; *Gilbert v. Colt,* 1 Hopk.
Ch. 496, 14 Am. Dec. 557, and note.

It is issued only against a debtor who was a party to the
suit, not against a third person not a debtor whether he be a
party to the suit or not.    The ancient writ always recited that
it appears that the defendant is indebted to the complainant
and designs quickly to go to parts beyond the seas.    Beames,
Ne Exeat, 18.   Nor is this latter rule in any wise changed by
the terms of sec. 2784, *supra,* which provides that the writ
may be granted to prevent *"any person"* from leaving the
state, for the obvious reason that the following section pro-
vides that no writ shall be granted unless it appears that "suf-

ficient grounds" exist therefor. Sufficient grounds means, as we have seen, grounds sufficient under the principles of the common law, and no grounds are sufficient under those principles unless it appears that the party is a debtor. So it is very certain that the writ was rightly vacated as to Alice M. Dawson, who was neither a debtor nor a party to the action.

It seems equally certain that the writ was not granted at common law on the application of the defendant against the plaintiff. We have been referred to no case where the defendant was awarded the writ against the plaintiff, nor have we found any. On the contrary, both the decisions and the text-books describe the writ as one issued on application of the complainant and against the defendant, and our statutes plainly recognize and emphasize this principle by providing that it shall only be granted on the affidavit of the *plaintiff* or some indifferent witness, and that the penalty of the bond or security to be given by the *defendant* shall be indorsed on the writ. Sec. 2785, *supra.*

Whether a defendant who has already interposed a counterclaim, showing a certain debt due him from the plaintiff on an equitable demand, may be regarded as a plaintiff so as to be entitled to the writ upon a proper showing, is a question not before us and one on which we intimate no opinion. When this writ was granted no such counterclaim had been interposed, and the writ was therefore granted without jurisdiction in any view of the case.

*By the Court.*—Order affirmed.