# In re Grbic.

*November 4, 1919.*

*Ne exeat: Functions and grounds of writ: Divorce: Jurisdiction of courts statutory: When writ of ne exeat authorized in divorce action.*

1. Since secs. 2784–2786, Stats., do not specify the grounds on which a writ of *ne exeat* may issue, the functions and grounds of the writ are governed by the common law.
2. Courts, either of law or equity, possess no powers in divorce actions except such as are conferred by statute, and authority for any act or proceeding must be found in the statute.
3. Sec. 2348, Stats., authorizing the circuit court in divorce actions to do all acts necessary and proper in such actions and to carry its orders and judgments into execution, empowers it to issue a writ of *ne exeat* to prevent its judgment for alimony, when rendered, from becoming ineffective.

WRIT of *habeas corpus.* August 27, 1919, Helen Grbic as plaintiff began an action for divorce against the petitioner as defendant. On the 8th day of September the defendant was ordered to pay the plaintiff $8 a week temporary alimony and $25 attorney's fees. On the 11th day of September, upon the verified complaint and affidavit of the plaintiff, a writ of *ne exeat* was issued, and on the 12th day of September the sheriff took the defendant into custody under the writ. On the 16th day of September the defendant served his verified answer, denying the allegations of the plaintiff's complaint, and by order of the court the plaintiff was required to show cause why the writ of *ne exeat* should not be vacated. On the 18th day of September the trial court denied defendant's motion to vacate the writ. In the affidavit upon which the writ was partly based it is alleged that before the order for alimony could be served the defendant withdrew from the banks all of the moneys on deposit belonging to the parties, $3,100, which sum represented their joint savings. It is further alleged that the defendant attempted to remove the money beyond the jurisdiction of the court, and that he told the plaintiff and other persons that he would go to Europe and take the money with him. The defendant remained in the custody of the sheriff, not having given bail.

The defendant, the petitioner, applied to this court for a writ of *habeas corpus,* and on the 7th day of October the sheriff made his return, setting forth the writ of *ne exeat,* from which it appears that the defendant was required to give bail in the sum of $1,500, with sufficient sureties. The respondent sheriff moved to quash the writ.

*Arthur R. Barry* and *Benj. T. Shiek* of Milwaukee, for the petitioner.

*L. A. Zavitovsky,* attorney, and *George A. Bowman,* of counsel, both of Milwaukee, for the respondent.

ROSENBERRY, J. The question raised by the motion to quash the writ is whether or not the circuit court for Mil-

waukee county had jurisdiction, upon the facts and circumstances shown by the affidavit and verified complaint of the plaintiff, to issue a writ of *ne exeat*. The statutory provisions relating to the writ of *ne exeat* are found in secs. 2784–2786. While sec. 2785, Stats., provides that no writ of *ne exeat* shall be granted unless it satisfactorily appears to the court or the judge by the affidavit of the plaintiff or some indifferent witness that sufficient grounds exist therefor, the grounds upon which the writ may issue are not specified. As said in *Davidor v. Rosenberg,* 130 Wis. 22, 109 N. W. 925, resort must be had to the common law to ascertain the function of the writ as well as the grounds upon which it may issue. The nature of the writ and the grounds upon which it may issue are discussed in *Davidor v. Rosenberg* and the cases there cited, no reference being made to actions for divorce.

"It is an undoubted general principle of the law of divorce in this country, that the courts, either of law or equity, possess no powers except such as are conferred by statute; and that, to justify any act or proceeding in a case of divorce, whether it be such as pertains to the ground or cause of action itself, to the process, pleadings or practice in it, or to the mode of enforcing the judgment or decree, authority therefor must be found in the statute, and cannot be looked for elsewhere, or otherwise asserted or exercised." *Barker v. Dayton,* 28 Wis. 367.

Sec. 2348, Stats., provides:

"The circuit court has jurisdiction of all actions to affirm or to annul a marriage, or for a divorce from the bond of matrimony, or from bed and board, and authority to do all acts and things necessary and proper in such actions and to carry its orders and judgments into execution as hereinafter prescribed. All such actions shall be commenced and conducted and the orders and judgments therein enforced according to the provisions of these statutes in respect to actions in courts of record, as far as applicable, except as provided in this chapter."

In *Damon v. Damon,* 28 Wis. 510, decided the same term as *Barker v. Dayton,* it was held that a third party might be

joined with the husband in an action for divorce, where the third party had accepted a conveyance of the husband's property in an attempt to defraud the wife.   The court says:

"It is urged that the power of the court in these divorce cases is limited; that it cannot exercise full equity powers, but only such as are conferred by the statute; and, inasmuch as the statute does not expressly provide that third parties may be made defendants in divorce suits, that therefore no person can be made a defendant in those actions other than a party to the marriage contract.   We do not so understand the statute.   We think that when the court is empowered to award alimony to the wife out of the husband's estate; to adjudge to her property, or the value of it, that came to her husband by reason of their marriage; to sequester his personal estate, and the rents and profits of his real estate, to enforce compliance with its judgment; and to divide and distribute the whole estate between the parties,— that the power to bring before it as a party defendant in the same action any person who is attempting fraudulently to keep the estate over which the court has such absolute control, away from the jurisdiction of the court and out of the reach of its judgment, must necessarily follow."   See *Griffin v. Griffin,* 47 N. Y. 134; *Perry v. Perry,* 2 Paige Ch. 501.

Under the power conferred upon the circuit court to enforce its judgments, as in other cases, it was held in *Barker v. Dayton, supra,* that the plaintiff could maintain a supplementary proceeding, it being a proceeding in the same action, although a substitute for a creditors' bill under the old practice.

While recognizing the difficulties, in that it was impossible to name a specific sum as being due, and the right to alimony being uncertain, Chancellor KENT allowed the writ in a divorce action where the defendant husband threatened to remove his property from the jurisdiction of the court. *Denton v. Denton,* 1 Johns. Ch. 364, second appeal, 441. See, also, *Yule v. Yule,* 10 N. J. Eq. 138; *Prather v. Prather,* 4 Desaus. Eq. (S. C.) 33, 118 Am. St. Rep. 993.   We think

the authority is conferred upon the circuit court by sec. 2348 to do all acts and things necessary and proper in such actions, and issue such writs as may be issued in respect to other actions for the purpose of making its orders and judgments effective, and that the court had jurisdiction, therefore, to allow the writ in this case.

The reasoning of the court in *Damon v. Damon,* 28 Wis. 510, applies fully to the facts in this case. If it were held that the court had no jurisdiction to issue the writ under the facts in this case, its judgment when rendered, excepting so far as it affected the status of the parties, would be ineffective, and the plaintiff without remedy.

*By the Court.*—Motion to quash granted, and petitioner is remanded to the custody of the sheriff of Milwaukee county. Petitioner to pay the clerk's fees.