FRITZ, Respondent, vs. WOLDENBERG, Appellant.

*April 5—June 4, 1929.*

100

102

For the appellant there was a brief by *Bagley, Spohn & Ross* of Madison, and oral argument by *Frank A. Ross.*

For the respondent there was a brief by *Sanborn, Blake & Aberg* and *Glen H. Bell,* all of Madison, and oral argument by *Mr. John B. Sanborn* and *Mr. Bell.*

CROWNHART, J. It is not necessary to review the large amount of evidence in detail. The court is satisfied that the finding of the trial court that the apartments were substantially completed and ready for occupancy on September 1, 1924, is sustained by the evidence. The findings of the trial court must stand unless against the clear preponderance of the evidence. This rule has been laid down so often recently that it is unnecessary to cite authorities. We find no such preponderance of the evidence against such finding.

The contract in question is an ordinary building contract, whereby the respondent agreed to build complete a certain combined store and apartment structure according to plans and specifications of architects, for a definite price. But the appellant, in order to finance the project, found it necessary to issue first-mortgage bonds on the property, for which she found a sale, and to further issue second-mortgage bonds, for which there was no market. She thereupon arranged with the respondent, as the successful bidder, to take a portion of the second-mortgage bonds in part payment, and further arranged with respondent's subcontractors, with the consent of the respondent, to take other of such bonds in part payment of their contracts with the respondent.

The contract expressly provided that time was of the essence, and stipulated amounts as damages for every day of delay beyond the agreed dates of completion, which amounts were to be deducted from the contract price. There seems to be no disagreement as to the construction of this provision of the contract. The main contention of the appellant in reference thereto is how the agreement for liquidated damages shall be applied to the findings of fact of the court.

The respondent contends that the subcontractors were the agents of the appellant, and that any delay occasioned by such contractors should be chargeable to the appellant. We think the respondent is wrong in this contention. The ap-

pellant, in order to make possible the letting of the contract to the respondent, with respondent's consent, arranged with respondent's subcontractors to take certain second-mortgage bonds in lieu of cash. Here the parties were mutually interested and both desirous of this program being consummated. However, there was no attempt to change the relation between the principal contractor and his subcontractors, otherwise. The subcontractors did their work for and under the direction of the respondent as the principal contractor, and were responsible to him and not to the appellant. It was clearly the duty of respondent to see that his subcontractors performed on time.

Again, it is contended by the respondent that delays were caused by appellant in ordering extras not called for by the contract. We have considered the evidence with care, and do not think such extras contributed to delay the respondent in any substantial degree.

The appellant complained to respondent on May 19, 1924, that the work was not proceeding as it should, and urged respondent to greater speed. The architect at the same time likewise urged upon the respondent that he was unnecessarily delaying the work, and the necessity for more haste. The respondent made no reply until May 27th, when he made excuses, none of which seem tenable under the evidence. The evidence clearly shows that the respondent was negligent in completing his contract.

The court, in his fourth finding of fact, finds respondent in part responsible for the delay in completing the work on the apartments, but also finds the appellant equally responsible for such delay, and concluded, as we must assume, that the damages resulting from such delay could not be apportioned, although no such conclusion is specifically stated. There are decisions to the effect that where the parties under such circumstances are equally to blame for the delay in completing a building contract, resulting damages will not be

apportioned. In this case, however, we are not called upon to consider that proposition of law. We do not think the finding of fact is sustained by the evidence, for the reasons heretofore stated. There was a large mass of evidence bearing on the subject, but we think the court, in making such finding, must have considered the subcontractors agents of the appellant. We find no substantial support in the evidence otherwise. We are clearly of the opinion that the subcontractors were the agents of the respondent, and respondent was responsible for their work. The appellant is entitled to judgment for the delay up to September 1st.

There is a counterclaim by appellant to respondent's cause of action, charging damages for putting in a heating plant that proved unsatisfactory. It plainly appears that appellant suffered material loss by reason of the failure of the heating plant to properly heat the building. However, the evidence is very vague as to where the blame lay. The plant was apparently constructed according to plans and specifications of the architect, and so the respondent cannot be held responsible for its failure to heat the building properly.

The court properly allowed respondent interest on the amount of his claim. *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327; *Edward E. Gillen Co. v. John H. Parker Co.* 170 Wis. 264, 171 N. W. 61, 174 N. W. 546.

The result is that the trial court should have awarded appellant liquidated damages, according to the contract, for the delay in the completion of the apartments from August 1, 1924, to September 1, 1924, and erred in failing to do so.

*By the Court.*—The judgment is reversed, with directions to the circuit court to modify the judgment in accordance with this opinion.

STEVENS, J., took no part.