SPIELBERG, Respondent, vs. HARRIS, Appellant.

*September 19—December 9, 1930.*

*E. T. Cass* of Whitewater, for the appellant.
*Maurice A. Goldberg* of Milwaukee, for the respondent.
The following opinion was filed October 14, 1930:

FAIRCHILD, J.   An agreement to sell using usual terms such as "have bargained, sold, granted, and by these presents do bargain, sell, grant, and convey," made by a vendor who intended to and did assert complete ownership and who, when his right to sell the personal property in question was doubted, put his agreement in writing and undertook "to warrant and defend the property" thereby sold "unto the said party of the second part," etc., is a contract for the sale and delivery of the property described in it.   It is governed by ch. 121, Stats., relating to uniform sales.

Appellant asks an interpretation that would relieve him of full responsibility and urges that this agreement should not be treated as a simple contract for sale and delivery; that it is invalid.   These contentions seem to be based on the knowledge that each party had of the state of the title before the agreement was made, and the fact that the right to the property was subsequently determined to be in the trustee under the mortgage.   The execution of the agreement was enjoined by the holders of superior rights in the property, but this did not excuse the vendor from protecting

the vendee. One may sell property which is not yet in existence or to which the seller may intend to acquire title, or the title to which may depend on a contingency which may never happen. Sec. 121.05, Stats. It cannot be said that an agreement to sell property not legally owned or yet acquired by the vendor is an invasion of a third party's right by the vendee. The effect of appellant's agreement is that if there is a burden on the title to this property he will lift it and deliver the goods.

The point raised that the court erred in fixing the amount of damages, with no deductions for the expense of transporting the rails to Whitewater, and finding as a fact that the expense of removing the rails from the ties was $42, there being no evidence as to the cost, is well taken. These items are part of the price respondent was to pay for the rails and must be taken into consideration when fixing his damages. In reaching its decision the trial court proceeded on the correct theory, and the record sustains the findings with the exceptions here pointed out. The court found the cost of removing the rails from the ties to be $42, but there was no evidence presented at the trial concerning those items: The respondent insists that it was the appellant's duty to raise this point at the trial and because it was not raised the decision should not be disturbed. It was necessary to know these amounts in order to make the right allowance to respondent. But the appellant seems to have called the omissions to the trial court's attention before the findings were signed. In any event the burden of establishing to a reasonable certainty the amount for which appellant is liable is upon the respondent in the case. The cost of removing and transporting the rails was to be borne by respondent, the information on the subject was in his possession, and he was bound to offer some evidence covering all the items he was to bear as part of his purchase price. Jones, Commentaries on Evidence (1st ed.) § 182. The rule tersely

stated is that the burden of proof is upon the party claiming damages from another for an injury or loss to prove such facts as are necessary to ascertain the extent of his loss. 3 Elliott, Evidence, § 1963. There is a failure of proof upon an important part of respondent's case and it requires a reversal of the judgment.

The finding as to interest is challenged. The trial court fixed the time from which interest was to run as of the date of the contract. This is error. The respondent is entitled to interest only after default, which, under the evidence, did not occur until about the time of the commencement of this action. There appears to have been no refusal or demand before that. *Laycock v. Parker*, 103 Wis. 161, 79 N. W. 327; *Edward E. Gillen Co. v. John H. Parker Co.* 170 Wis. 264, 171 N. W. 61, 174 N. W. 546.

*By the Court.*—The judgment is reversed, and cause remanded with directions for further proceedings in accordance with the opinion.

A motion for a rehearing was denied, with $25 costs, on December 9, 1930.