JULIA FREEMAN v. CARL H. FREEMAN

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 70168

Memorandum filed December 15, 1950

*James F. Rosen,* of New Haven, for the Plaintiff.

*Dooley, Dooley & Dooley,* of New Haven, for the Defendant.

ALCORN, J. The file discloses that the plaintiff brought an action upon a foreign judgment for support, seeking damages, specific performance and such other and further relief as to justice and equity might appertain, returnable to this court on the first Tuesday of October, 1947. The writ, summons and complaint in that action are dated September 11, 1947. On that date the plaintiff, under oath, applied for and obtained from a judge, the court not then being in session, a writ of ne exeat. The writ, summons, complaint, application for writ of ne exeat, and the writ itself, were stapled together as one process.

The officer's return of service, dated September 12, 1947, is indorsed on the back of the writ of ne exeat. It recites the arrest of the body of the defendant, the defendant's release upon furnishing a bond, and service of the writ, summons and complaint upon the defendant personally.

After service, all of the papers, stapled together, were returned to the clerk's office within the period required for the return of process. There they were docketed as No. 70168, Julia Freeman v. Carl Harold Freeman, and an entry fee was paid.

Counsel filed a general appearance for the defendant on September 23, 1947. Thereafter nothing transpired until September 28, 1949, when plaintiff moved for a default for failure to answer. On October 7, 1949, defendant filed an answer pleading affirmative matter only, relating to the substance of the complaint.

The plaintiff filed a reply on January 21,1950, and later, on October 25, 1950, claimed the case by name and number for the trial list. During all this leisurely proceeding no move of any sort was made with respect to the writ of ne exeat, either to attempt to secure its abatement or its discharge. The arguments presented in the briefs of both parties on the present motion might have been pertinent to a seasonable attack on the writ but they do not meet the issue as to the propriety of the order sought.

On October 26, 1950, this motion was filed reciting, in substance, that it had just come to the attention of the plaintiff's attorney "that the writ of ne exeat is a separate action" and seeking an order to the clerk to docket it as such.

Just what the plaintiff hopes to accomplish by this motion is obscure. The purpose of the writ of ne exeat is simply to obtain equitable bail. *D. Ginsberg & Sons, Inc.* v. *Popkin,* 285 U. S. 204, 208; 3 Story, Equity Jurisprudence (14th Ed.) § 1915. The writ generally may be obtained in the same way as an injunction, but usually only after a bill has been filed. 38 Am. Jur. 625, §§ 18, 19; *McGee* v. *McGee,* 8 Ga. 295, 52 Am. Dec. 407. It may issue as an interlocutory order or as part of a final decree. It issues on motion or application supported by affidavit, or on an original complaint or bill in equity; and it has been said that it may be granted in the decree under a prayer for general relief. *Lewis* v. *Shainwald,* 48 F. 492, 500; see 65 C. J. S. 281, § 9a.

While undoubtedly a proceeding to obtain such a writ may take the form of an independent action, it seems evident in this case that, upon the showing of a debt due by judgment as stated in the complaint, supplemented by plaintiff's application under oath, the writ issued. Thereupon, all of the papers, including not only the writ but the application upon which it issued and the proceedings in which it was designed to serve as equitable bail, were personally served on the defendant, duly returned to court, and there docketed. The primary proceeding in aid of which the writ issued remains to be heard and determined, but it has been claimed for the trial list and in due course can be disposed of. The pattern of procedure in this instance is similar to that more commonly encountered in an equitable proceeding accompanied by an application for a temporary injunction.

In the form which these proceedings have taken, there is no occasion for an order to docket the ne exeat as an independent action.

The motion is denied.