JULIA FREEMAN v. CARL H. FREEMAN

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 70168

Memorandum filed March 6, 1951.

*James F. Rosen,* of New Haven, for the Plaintiff.

*Dooley, Dooley & Dooley,* of New Haven, for the Defendant.

KING, J. By writ and complaint dated September 11, 1947, the plaintiff sued the defendant for the aggregate of past due support payments ordered in a judgment rendered by the Supreme Court of New York, and for support payments thereafter accruing, under the rule of *German* v. *German,* 125 Conn. 84, 85. Annexed to the process was an application for a writ of ne exeat, verified by the plaintiff. This was apparently presented to the Hon. Patrick B. O'Sullivan, as a judge of the Superior Court, since a writ of ne exeat was issued by Judge O'Sullivan on that day and the sheriff's return shows that on September 12, 1947, the body of the defendant was arrested and thereafter released by the sheriff on a bond.

The plaintiff treated the ne exeat proceedings as ancillary to the main proceedings much as in the case of a temporary injunction in aid of the attachment of corporate stock. The procedure is in apparent substantial conformity with Forms 548 and 549 of the Practice Book. See, also, the excellent memorandum of decision of Judge Alcorn. *Freeman* v. *Freeman,* 17 Conn. Sup. 125.

The plaintiff has now moved for a judgment by default against the defendant for failure to answer or otherwise plead to the writ of ne exeat. The defendant claims that it is impossible to file an answer to the allegations of the writ of ne exeat since paragraphs 3 and 4 of the application largely set forth statements claimed to have been made by the defendant as to his intention not to pay the judgment and to flee the state and as to the plaintiff's knowledge of the defendant's property open to attachment. The defendant further claims that the writ has fulfilled its purpose and objective now that a bond has been filed and that there is no occasion for answering it.

Where, as here, the writ has issued, not as an independent action but as ancillary to a main proceeding, and the defendant himself does not seek to secure its discharge, it is serving its purpose and there is no occasion for trying out any issue of fact incident to its issuance. Indeed there is nothing to try out. This is the reason why, in the situation here presented, no answer is needed even though one might be required in an independent proceeding or in one where the defendant himself wished to attack the issuance of the writ or to procure its discharge. See note to *Lyon* v. *Lyon,* 21 Conn. 185, 199; 38 Am. Jur. 622, § 19, 623, § 22, 629, § 33; 17 Am. Jur. 430, § 527; *In re Grbic,* 170 Wis. 201, 8 A. L. R. 325 and note, 327; *Cohen* v. *Cohen,* 319 Mass. 31, 36, 163 A. L. R. 362; 2 Swift's Digest (Rev. Ed. 1874) pp. 176, 177.

The principal reason given by the plaintiff's counsel in his oral argument as to why he presses this motion for a default for failure to plead was that the issues might be closed and the trial proceeded with. As previously pointed out, it does not appear that success in such an undertaking would in any way advance the plaintiff's interests. She apparently already has, and is now enjoying, the full fruits of the writ of ne exeat. Obviously, as a mere ancillary process the ne exeat proceeding can in no wise advance the trial of the main proceeding.

In the plaintiff's main case an answer was replied to on January 21, 1950, over a year ago. Since that date the pleadings have been closed and it has been ready to be tried when properly claimed and reached.

For the foregoing reasons the motion for default for failure to plead to the writ of ne exeat is denied.