Donald C. MORRISSETTE, Plaintiff-Respondent,

v.

Aline N. MORRISSETTE by Karen C. Breunig, Personal Representative of the Estate of Aline N. Morrissette, Defendant-Appellant.

Court of Appeals

*No. 79–1763. Submitted on briefs August 4, 1980.—Decided October 27, 1980.*
(Also reported in 299 N.W.2d 590.)

For the defendant-appellant there was a brief by *Robert M. Waud* of *Ermenc & Hays* of Milwaukee.

For the plaintiff-respondent there was a brief by *Sidney Pump* of Milwaukee.

Before Voss, P.J., Brown and Scott, J.J.

BROWN, J. Breunig, personal representative of her mother's estate, attempted to prevent her stepfather from obtaining his share of the homestead, which he had been awarded in a prior divorce judgment. The family court ordered sale of the house and that the proceeds be paid to the court for distribution in accordance with the terms of the divorce. Breunig argues that since the homestead is part of the probate court inventory, only the probate court can order the sale. Because the stepfather did not file a claim against the estate, Breunig claims the stepfather's interest is forever barred. We affirm the power of the family court to handle this matter.

Donald and Aline Morrissette were divorced in 1975. As part of the property division, Aline was awarded the home until she either remarried, died, decided to sell the home or until September 5, 1981, whichever was to occur first. Upon the happening of any of the events, the house was to be sold with Aline receiving 60% of the proceeds and Donald receiving 40%. The parties

were not precluded from reaching an agreement other than sale if agreeable to both.

Aline died, and her will was admitted to probate. The house is the only asset, and Breunig, along with her sister, are the sole beneficiaries. Breunig attempted to negotiate an agreement with Donald, but an impasse resulted and negotiations ceased. Donald served Breunig with an order to show cause in the family court asking that an appraiser be appointed and directing the homestead of the parties to be sold. Breunig appeared at the hearing but objected to the proceedings. She contended that since the homestead was part of the estate, the matter was now properly before the probate court rather than family court. She further argued that because Donald had not filed a formal claim against the estate pursuant to secs. 859.01 and 859.05, Stats., his claim for the 40% interest was forever barred.

The family court held that while the probate court and the divorce court may well have concurrent jurisdiction, the divorce court is not barred from proceeding to enforce its orders previously made. The court then appointed a disinterested appraiser and ordered that following the appraisal, the property be sold and the funds be paid to the court for allocation, unless the parties mutually agreed to the sale of Donald's interest to Breunig.

The personal representative then brought a motion for declaratory relief asking the probate court to effect a rule that the family court had no jurisdiction to effectively carry out its judgment. The probate court refused.

Breunig argues that the probate court has sole jurisdiction since the house is part of the decedent's estate. All claims against the estate, even absolute claims, must be filed within three months of the order fixing the time within which to file claims. Sec. 859.05, Stats. If not filed within the three month period, such claims are

forever barred. Sec. 859.05, Stats. Donald failed to file a claim.

Breunig recognizes that if an action is pending against a decedent at the time of death and the action survives, the plaintiff in that action may serve a notice of substitution on the personal representative and file proof of service of the notice in the probate court. Sec. 859.03, Stats. If the notice is filed within the same three month period, it operates as a formal claim against the estate. *Id.* Donald never effected substituted service.

[1]

The threshold issue is whether the probate court and the family court have concurrent jurisdiction. We hold that they do. Section 767.01(1), Stats., provides:

[t]he circuit courts have jurisdiction of all actions affecting the family and have authority to do all acts and things necessary and proper in such actions and to carry their orders and judgments into execution . . . .

The division of the marital estate in the divorce judgment is final. However, family court jurisdiction "continue[s] until the property [is] disposed of pursuant to the provisions of the property division contained in the judgment of divorce." *Yelk v. Yelk,* 20 Wis.2d 35, 41, 121 N.W.2d 225, 228 (1963). An order to show cause is commonly issued to ensure compliance with judgment provisions. *See, e.g., Foregger v. Foregger,* 40 Wis.2d 632, 646, 162 N.W.2d 553, 560 (1968).

Like family court, the probate court is a circuit court.[1] It may exercise jurisdiction over property regardless of possession "if there is a controversy over title and such controversy is incidental to and necessary for the complete administration of the estate." *In Matter of Estate*

[1] Prior to the 1977 reorganization of the Wisconsin trial courts, probate jurisdiction rested in the county courts. Upon the unification of all trial courts into a single circuit court level, probate jurisdiction, like family court, is now at the circuit court level.

*of Corey,* 73 Wis.2d 644, 648, 245 N.W.2d 902, 904 (1976). Here, the house was the sole asset of the estate. Administration of the estate clearly could not be completed until Donald's claimed interest in the house was resolved.

Thus, both the family court and probate court had jurisdiction over the disposition of the house. The issue then becomes whether it was an abuse of discretion on the part of the family court to exercise that jurisdiction by issuing the order to show cause. To determine that question, we must consider which court was the more appropriate forum given the present facts.

The divorce judgment was finalized in 1975. Under its terms, final disposition of the homestead was to occur at some future date. If Mrs. Morrissette had not died, there would be no doubt that the family court could properly order the sale of the house. It possessed both statutory jurisdiction and the factual background of the divorce judgment. It was the logical forum to seek enforcement of that decree.

On the other hand, the probate court was ill-equipped to consider the matter. It is the responsibility of the personal representative to "include in the inventory all property subject to administration, and . . . list joint and life tenancies. . . . [and] include a statement of any encumbrance, lien or *other charge upon each item.*" (Emphasis added.) Sec. 858.07, Stats. Despite her knowledge of the stepfather's interest in the property (as evidenced by the ongoing appraisal negotiations), the personal representative failed to inform the probate court until after issuance of the order to show cause. As such, the probate court lacked any factual basis upon which to act. It properly deferred to the family court in this matter.

Breunig contends that the husband's interest in the property was extinguished because he failed to file a

claim against the estate pursuant to secs. 859.01 and 859.-05, Stats. Breunig's objection is misplaced. Failure to file a claim pertains to Morrissette's standing in probate court. It has no effect on his attempt before family court to enforce the divorce judgment.

*By the Court.*—Order affirmed.