IN the MATTER OF the GUARDIANSHIP OF CARLY A.T.:

AMY Z., Petitioner-Respondent,

v.

JON T., Appellant.

Court of Appeals

*No. 03–0606. Submitted on briefs February 5, 2004.—Decided March 31, 2004.*

2004 WI App 73

(Also reported in 679 N.W.2d 903.)

663

On behalf of the appellant, the cause was submitted on the briefs of *Geoffey Dowse* of *Madrigrano, Ziever, Aiello, Marry & Dowse, S.C.* of Kenosha.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Anita R. Cruise* of *Legal Action of Wisconsin, Inc.*, Racine.

Before Anderson, P.J., Nettesheim and Snyder, JJ.

¶ 1. NETTESHEIM, J. Jon T. appeals from a child support order issued by the circuit court in the context of a WIS. STAT. ch. 880 (2001–02).[1] guardianship proceeding. Jon challenges the order on two grounds. First, Jon argues the circuit court did not have the authority to issue a child support order in the context of a ch. 880 guardianship proceeding. Alternatively, Jon contends that neither the guardianship petition nor the ensuing proceedings provided him with adequate notice that child support would be addressed at the hearing.

¶ 2. We conclude that the circuit court had the authority to address child support in the context of a WIS. STAT. ch. 880 guardianship proceeding. However, we further conclude that neither the petition nor the proceedings themselves provided Jon with advance notice that child support would be addressed at the hearing. We therefore reverse and remand for a hearing on child support with Jon having been given adequate notice to respond to the claim.

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version.

## BACKGROUND

¶ 3. On January 9, 2003, Carly A.T.'s maternal aunt, Amy Z., petitioned the probate branch of the Racine county circuit court for permanent guardianship of Carly. The petition recited that Carly's mother was deceased and that Carly's father, Jon, had been charged with felony physical abuse of Carly. At the ensuing hearing, the circuit court granted the petition and appointed Amy as Carly's guardian. Over Jon's objection, the court also entered an order for child support in the amount of $143 per week.

¶ 4. Jon appeals, raising two arguments. First, he contends that a circuit court does not have the authority to issue a child support order in a guardianship proceeding. Alternatively, he contends that the guardianship petition did not provide him fair and adequate notice that child support would be addressed at the guardianship hearing.[2]

---

[2] We note that on May 23, 2003, we received correspondence from Jon informing us that Carly had returned to his care and that the child support order at issue on appeal was terminated by a stipulation approved by the circuit court on May 16, 2003. By order dated May 29, 2003, we requested the parties to brief the issue of whether the appeal was rendered moot by virtue of the parties' stipulation. Jon responded that during the time period that the child support order was effective—from the date of its entry on January 24, 2003, until the time Carly returned to his care—he paid the guardian approximately $2500 in child support. Therefore, we determined that this appeal was not moot.

## DISCUSSION

### Subject Matter Jurisdiction/
### Competency to Proceed

¶ 5. Jon first contends that the probate branch of the circuit court did not have the authority to order child support in the context of a guardianship proceeding under Wis. Stat. ch. 880.[3] Jon couches his argument in terms of subject matter jurisdiction, arguing that the circuit court does not have subject matter jurisdiction over child support because ch. 880 does not give the court the power to enter such an order. Instead, Jon contends that the guardian was required to file a petition in family court for child support under Wis. Stat. ch. 767.

¶ 6. As noted, Amy's petition was filed in the probate branch of the circuit court. Both the family court and the probate court are circuit courts. *Morrissette v. Morrissette*, 99 Wis. 2d 467, 470, 299 N.W.2d 590 (Ct. App. 1980).[4] "[T]he circuit courts possess 'plenary'

---

[3] We reject Amy's threshold argument that Jon waived his right to challenge the child support order on appeal by failing to raise it before the probate court. The record reflects that Jon raised the issues of jurisdiction and notice in his closing argument, stating: "[T]here's no request for child support before the Court" and "I see nothing in [Wis. Stat.] Chapter 880 that gives this Court jurisdiction on child support." We therefore address the merits of these arguments.

[4] As to the family court, Wis. Stat. § 767.01, entitled "Jurisdiction," states at subsec. (1) "The circuit courts have jurisdiction of all actions affecting the family . . . ." As to the probate court, Wis. Stat. § 880.02, entitled "Jurisdiction," states, "The circuit court shall have jurisdiction over all petitions for guardianship."

667

jurisdiction by virtue of Wis. Const. Art. VII, § 8, and that jurisdiction, in the sense of judicial power to act, does not depend on legislative authorization." *Schoenwald v. M.C.*, 146 Wis. 2d 377, 390, 432 N.W.2d 588 (Ct. App. 1988) (citing *Eberhardy v. Circuit Court for Wood County*, 102 Wis. 2d 539, 551, 307 N.W.2d 881 (1981)). Thus, "[n]o circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." *Schoenwald*, 146 Wis. 2d at 390 (citation omitted).[5]

¶ 7. In light of this law, Jon's reliance on the law of subject matter jurisdiction is misplaced. Instead, Jon's argument is more properly cast in terms of the circuit court's competency to proceed. While a circuit court may have subject matter jurisdiction to consider and determine any type of action, failure to comply with a statutory mandate results in a loss of competency that prevents a court from adjudicating the specific case before it. *See Kohler Co. v. Wixen*, 204 Wis. 2d 327, 336–37, 555 N.W.2d 640 (Ct. App. 1996). As the *Schoenwald* court explained, even though a circuit court may have subject matter jurisdiction, it "may nevertheless

---

[5] "Prior to the 1977 reorganization of the Wisconsin trial courts, probate jurisdiction rested in the county courts. Upon the unification of all trial courts into a single circuit court level, probate jurisdiction, like family court, is now at the circuit court level." *Morrissette v. Morrissette*, 99 Wis. 2d 467, 470 n.1, 299 N.W.2d 590 (Ct. App. 1980). Therefore, we reject Jon's reliance on *King v. First Nat'l Bank of Kenosha*, 39 Wis. 2d 80, 158 N.W.2d 337 (1968), and *Gerlach v. Thiem*, 58 Wis. 2d 113, 205 N.W.2d 779 (1973), which predate court reorganization and recognition of the plenary power of all the circuit courts.

lack 'competency' to act because the state has not conferred power upon the court." *Schoenwald,* 146 Wis. 2d at 390.

> Competency is a narrower concept than subject matter jurisdiction and is grounded in the court's power to exercise its subject matter jurisdiction. Although a court is vested with subject matter jurisdiction by the constitution, the legislature may enact statutes which limit a court's power to exercise subject matter jurisdiction. Such legislative measures affect a court's competency· rather than its jurisdiction.

*Kohler Co.,* 204 Wis. 2d at 336 (citation and footnote omitted). We therefore address Jon's argument as a challenge to the circuit court's competency to proceed.

¶ 8. Amy, the petitioner, first raised the issue of child support in her closing statement to the circuit court. Jon responded by challenging the authority of the circuit court to address child support in a guardianship proceeding under WIS. STAT. ch. 880. In response, the circuit court stated, "With respect to child support, that is something that in a guardianship this Court does routinely, because when a child is not living with a parent, that parent still has the legal and moral obligation to support the child."

██

¶ 9. The guardianship statutes lend support to the circuit court's determination. WISCONSIN STAT. § 880.07 sets out the requirements for a guardianship petition. Among other requirements, this statute provides that a petition for guardianship "shall state, so far as may be known . . . [a]ny . . . claim, income, compensation, pension, insurance or allowance to which the proposed ward may be entitled." Sec. 880.07(1)(e). In keeping with this statute, the preprinted Petition for Guardianship of Minor form used in this case provides

a space for the petitioner to indicate those claims, including a space to indicate support "to which the minor may be entitled" and the person who would be responsible for providing that support.[6] A child's right to support is fundamental. *Weidner v. W.G.N.*, 125 Wis. 2d 212, 215, 371 N.W.2d 379 (Ct. App. 1985), *affirmed,* 131 Wis. 2d 301, 388 N.W.2d 615 (1986). The language in § 880.07(1)(e) that "[a]ny . . . claim . . . to which the proposed ward *may* be entitled" is broad enough to take in a claim for support. By providing that a guardianship petition include such a potential claim, it follows that the legislature envisioned that the circuit court has the authority to adjudicate such a claim.

¶ 10. We recognize that WIS. STAT. ch. 880 does not otherwise address support nor provide guidelines as to how support should be determined. However, the failure of ch. 880 to further expound upon support is not fatal to a circuit court's competency to address the issue. There is nothing in ch. 880 which prohibits a circuit court from addressing support in a guardianship proceeding or which directs the court to defer to the jurisdiction vested in the family branch of the circuit court in matters of support. Thus, there is nothing to indicate that the legislature has limited the circuit court's plenary jurisdictional power to address child support in the context of a ch. 880 proceeding. *See Kohler Co.*, 204 Wis. 2d at 336.

---

[6] This form was developed and adopted by the Forms Committee of the Wisconsin Judicial Conference. Supreme Court Order 98–01 created WIS. STAT. § 758.18, which provides that the Judicial Conference "shall adopt standard forms for use by parties and court officials in all civil and criminal actions and proceedings in the circuit court." This order further mandated the use of such forms effective January 1, 2000, for criminal and juvenile cases, and July 1, 2000, for civil cases.

¶ 11. We note that support is not the only area in which WIS. STAT. chs. 880 and 767 overlap. Prior case law instructs that when a subject is addressed in both chs. 767 and 880, a circuit court conducting a ch. 880 proceeding may look to ch. 767 for guidance. *See F.R. v. T.B.*, 225 Wis. 2d 628, 639–40, 593 N.W.2d 840 (Ct. App. 1999).

¶ 12. In *F.R.*, the court of appeals held that the circuit court had not exceeded its authority in a WIS. STAT. ch. 880 proceeding by granting visitation privileges to a child's maternal grandmother under WIS. STAT. § 880.155. *F.R.*, 225 Wis. 2d at 646. In reaching its decision, the court noted that § 880.155 employed the term "best interests of the child" but did not define what the court is to consider in making its determination. *F.R.*, 225 Wis. 2d at 639. To assist on this question, the court turned to the Family Code, noting:

> When lawmakers knowingly use the same phrase or terminology in two different statutes addressing similar topics, we presume that the legislature intended them to have the same meaning in both statutes.
>
> . . . .
>
> In light of [the similarities between the statutes,] we look to other provisions within ch. 767, Stats., for guidance on how to interpret the "best interests" language.

F.R., 225 Wis. 2d at 639–40 (citation omitted).

¶ 13. Although WIS. STAT. ch. 880 does not otherwise provide guidance on support, WIS. STAT. ch. 767 addresses support in a number of situations. Relevant to this case, WIS. STAT. § 767.08 governs "[a]ctions to compel support" which can be brought by any "nonle-

gally responsible relative" who assumes the responsibility for the care of a child without legal custody, but not in violation of a court order. Thus, as in *F.R.*, an issue raised under ch. 880 but not fleshed out by that chapter may be analyzed under the guidance of ch. 767.

¶ 14. Jon contends, however, that the following language of Wis. Stat. § 767.01(1) limited the jurisdiction of the circuit court in this case:

> The circuit courts have jurisdiction of all actions affecting the family and have authority to do all acts and things necessary and proper in such actions and to carry their orders and judgments into execution as prescribed in this chapter. All actions affecting the family shall be commenced and conducted and the orders and judgments enforced according to these statutes in respect to actions in circuit court, as far as applicable, except as provided in this chapter.

Jon then additionally notes that Wis. Stat. § 767.02(1)(f) specifically identifies an action for child support as an action affecting the family.

¶ 15. We reject Jon's argument. While Wis. Stat. § 767.01(1) mandates the application of Wis. Stat. ch. 767, this directive is subject to an important qualifier —"as far as applicable." This signals the legislature's recognition that in certain instances other provisions of other statutes might also address a matter relating to the family. And this proves to be such a case. As we have already noted, a Wis. Stat. § 880.07(1)(e) guardianship proceeding may trigger a need for the circuit court to determine parental support.

¶ 16. A circuit court's broad powers to act in the best interests of a minor were confirmed in *Holtzmann v. Knott*, 193 Wis. 2d 649, 533 N.W.2d 419 (1995). There, the circuit court had dismissed the visitation petition of a child's biological mother's former partner on grounds

that there must be an "underlying action affecting the family." *Id.* at 666. Although holding that the Wis. Stat. ch. 767 visitation statute did not apply, the supreme court nonetheless reversed the circuit court's dismissal of the visitation petition. The court observed that the circuit court had authority to determine visitation rights, apart from the ch. 767 visitation statute, under "the plenary power of circuit courts and their equitable jurisdiction over children." *Holtzmann*, 193 Wis. 2d at 686. The court also noted prior case law holding that "[c]ourts have jurisdiction in equity apart from the divorce statute to act in the best interest of a child" and that "[t]he protection of minors is one of the 'well-established grounds for the exercise of equity jurisdiction.'" *Id.* at 687 (citing *Dovi v. Dovi*, 245 Wis. 50, 54–57, 13 N.W.2d 585 (1944)). In addition, the supreme court held that the ch. 767 visitation statute was not intended by the legislature to "be the exclusive means of obtaining court-ordered visitation, or that it supplant or preempt the courts' long recognized equitable power to protect the best interest of a child by ordering visitation under circumstances not included in the statute." *Holtzmann*, 193 Wis. 2d at 658.

¶ 17. *Holtzmann* and the long-standing precedent upon which it is based supports the circuit court's holding that the court had the competency to address child support in the context of a guardianship proceeding. As *Holtzmann* teaches, a circuit court has the equitable authority to address a matter traveling to the best interests of a child despite the fact that another more specific statute addresses the topic.

¶ 18. We conclude that the circuit court had the authority to order child support in the context of the Wis. Stat. ch. 880 proceeding. We do so in light of the

constitutional grant of broad plenary power to the circuit courts coupled with the petition requirements under WIS. STAT. § 880.07, the lack of any statutory limitation on the circuit court's ability to address child support in the context of a ch. 880 proceeding, and a circuit court's equitable authority, apart from the divorce statutes, to act in the best interests of a child.

### *Due Process Notice*

¶ 19. Having determined that the circuit court had the authority to address child support in the context of a WIS. STAT. ch. 880 proceeding, we turn to Jon's alternative argument that he was denied due process because neither the guardianship petition nor the proceedings notified him that Amy would be seeking child support.

¶ 20. Due process requires that the notice provided reasonably convey the information required for parties to prepare their defense and make their objections. *Bachowski v. Salamone*, 139 Wis. 2d 397, 412, 407 N.W.2d 533 (1987).

¶ 21. The guardian argues that Jon should have anticipated that all of the issues addressed in the guardianship petition would be addressed at the hearing. However, while the petition form has a space indicated for the amount of support to which the minor may be entitled and the person who would be responsible for paying it, the petition indicates the support amount as "$0.00" and fails to indicate any person who is paying support or from whom support is sought. Further, WIS. STAT. § 880.07(1)(e) provides that a "petition shall state, so far as may be known . . . [a]ny other claim, income, compensation, pension, insurance or

allowance to which the proposed ward may be entitled." The petition fails to so indicate. No reasonable person responding to this petition would anticipate that the petitioner was asserting a claim for support.

¶ 22. As to the proceeding itself, the issue of support was first raised as the parties were making their closing statements to the circuit court. Given that the matter of support was not raised until the final moments of the hearing and was not otherwise addressed at any earlier point in the proceedings, we hold that the proceedings did not provide Jon with fair and adequate notice to address the issue. We reverse the child support order and remand for a new hearing.

## CONCLUSION

¶ 23. We conclude that a circuit court has the authority to address child support in the context of a WIS. STAT. ch. 880 guardianship proceeding. However, we further conclude that neither the guardianship petition nor the proceedings themselves provided Jon with notice that child support was a matter to be litigated at the hearing. As such, we reverse the child support order and remand for a hearing on that issue.

¶ 24. No costs to either party.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded.