# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP869 |
| COMPLETE TITLE: | City of Eau Claire, |
| | Plaintiff-Appellant, |
| | v. |
| | Melissa M. Booth, n/k/a Melissa M. Booth Britton, |
| | Defendant-Respondent. |

ON BYPASS FROM THE COURT OF APPEALS

| | |
|---|---|
| OPINION FILED: | July 12, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | April 7, 2016 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Eau Claire |
| JUDGE: | William M. Gabler, Sr. |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | ABRAHAMSON, J. and BRADLEY, A. W., J. dissent (Opinion filed). |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-appellant, there were briefs by *Douglas J. Hoffer*, assistant district attorney and *Jenessa Stromberger*, assistant district attorney, and oral argument by *Douglas J. Hoffer*.

For the defendant-respondent there was a brief by *Diane C. Lowe* and *Lowe Law, L.L.C.*, Eau Claire, and oral argument by *Diane C. Lowe*.

There was an amicus curiae brief by *Sarah Schmeiser* and *Tracy Wood & Associates*, Madison, on behalf of Wisconsin Association of Criminal Defense Lawyers.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No.  2015AP869
(L.C.   2014GF804)

STATE OF WISCONSIN                    :      IN SUPREME COURT

**City of Eau Claire,**

    **Plaintiff-Appellant,**

 **v.**

**Melissa M. Booth, n/k/a Melissa M. Booth Britton,**

    **Defendant-Respondent.**

**FILED**

**JUL 12, 2016**

Diane M. Fremgen
Clerk of Supreme Court

---

APPEAL from an order of the Circuit Court for Eau Claire County, William M. Gabler, Sr., Judge.  *Reversed and cause remanded.*

¶1   REBECCA G. BRADLEY, J.   This case is before the court on the City of Eau Claire's petition to bypass the court of appeals pursuant to Wis. Stat. § (Rule) 809.60 (2013-14).[1]   We are asked to determine whether a circuit court lacks subject matter jurisdiction to enter a civil forfeiture under a

---

[1] All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.  Although this case involves a 1992 violation, no changes to the applicable statutes are dispositive of the issue we address.

municipal ordinance for a first-offense operating while intoxicated (OWI) that factually should have been criminally charged as a second-offense OWI due to an undiscovered prior countable conviction.[2] We conclude that a circuit court lacks competency but retains subject matter jurisdiction when it enters a civil forfeiture judgment for a first-offense OWI that should have been criminally charged as a second-offense OWI due to an undiscovered prior countable offense. Unlike defects in subject matter jurisdiction, challenges to circuit court competency may be forfeited. We conclude that Melissa M. Booth Britton forfeited her right to challenge her 1992 first-offense OWI judgment by failing to timely raise it; as a result, the circuit court erred when it granted her motion to reopen and vacate her 1992 first-offense OWI civil forfeiture judgment. Therefore, we reverse with directions to the circuit court to reinstate Booth Britton's 1992 first-offense OWI judgment.

## I. BACKGROUND

¶2 In 1990, Booth Britton was convicted in Minnesota of a first-offense OWI. In 1992, the Eau Claire County Circuit Court entered a civil forfeiture judgment against Booth Britton for another first-offense OWI. The Eau Claire City Attorney prosecuted Booth Britton in the 1992 OWI action. The record

---

[2] The petition to bypass states an additional issue: "Is a municipality legally precluded from pursuing a civil OWI citation if the defendant could also be charged criminally?" The briefs and oral argument, however, did not sufficiently address this issue. As a result, we do not consider it.

does not indicate the reason why the 1992 offense was charged as a first offense rather than a second offense. However, the parties appear to agree that the countable 1990 Minnesota conviction was unknown to the City Attorney's office when it prosecuted the 1992 OWI as a first offense.[3]

¶3  In 2014, Booth Britton filed a motion to reopen and vacate her 1992 Eau Claire County first-offense OWI civil forfeiture judgment because "it was [a] second OWI offense improperly charged as a first offense." At the time Booth Britton filed her motion to reopen and vacate the 1992 OWI, she had OWI (7th, 8th, or 9th) related charges pending against her in Douglas County. She argued that because the 1992 OWI should have been charged as a criminal second-offense OWI, the circuit court must void her 1992 judgment for lack of subject matter jurisdiction. The City responded that any "[a]lleged defects in the 1992 action may have implicated court competency, but did not implicate subject matter jurisdiction." The City argued Booth Britton forfeited any right to challenge the 1992 OWI civil forfeiture judgment by failing to object in the 1992 circuit court action.

¶4 The circuit court voided the 1992 conviction on subject matter jurisdiction grounds. It relied on County of

---

[3] The only remaining record related to the 1992 OWI is the citation Booth Britton received from a City of Eau Claire police officer. This citation indicates that Booth Britton violated City of Eau Claire Ordinance 10.04, which adopted Wis. Stat. § 346.63(1)(a).

Walworth v. Rohner, 108 Wis. 2d 713, 324 N.W.2d 682 (1982), concluding that "[s]ince a second offense OWI cannot be prosecuted as a civil action in Wisconsin, the Court Commissioner did not have the proper jurisdiction in the 1992 prosecution to render a civil judgment."

¶5 The City filed a notice of intent to appeal and both parties filed briefs with the court of appeals. The City then filed a petition to bypass the court of appeals under Wis. Stat. § (Rule) 809.60, which we granted.

## II. STANDARD OF REVIEW

¶6 We independently review questions of subject matter jurisdiction and competency. See Vill. of Trempealeau v. Mikrut, 2004 WI 79, ¶7, 273 Wis. 2d 76, 681 N.W.2d 190. We also independently review whether a party forfeits the right to challenge circuit court competency. Id.

## III. ANALYSIS

¶7 Article VII, Section 8 of the Wisconsin Constitution provides, in pertinent part: "Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state . . . ." Subject matter jurisdiction, established by this section of our constitution, "refers to the power of a court to decide certain types of actions." See State v. Smith, 2005 WI 104, ¶18, 283 Wis. 2d 57, 699 N.W.2d 508. Because this power is granted to circuit courts by our constitution, it cannot be "curtailed by state statute." Mikrut, 273 Wis. 2d 76, ¶8; see also Eberhardy v. Circuit Court for Wood Cty., 102 Wis. 2d 539, 550, 307

4

N.W.2d 881 (1981) (noting that the constitutional language "only allows for a legislative reallocation of jurisdiction from the circuit court to another court"). However, "a circuit court's ability to exercise the subject matter jurisdiction vested in it by the constitution may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction in individual cases." Mikrut, 273 Wis. 2d 76, ¶9. Noncompliance with statutory mandates affects a court's competency and "a court's 'competency,' as the term is understood in Wisconsin, is not jurisdictional at all, but instead, is defined as 'the power of a court to exercise its subject matter jurisdiction' in a particular case." Smith, 283 Wis. 2d 57, ¶18 (quoting Kohler Co. v. Wixen, 204 Wis. 2d 327, 337, 555 N.W.2d 640 (1996)).

¶8 Here, the parties disagree as to whether the mischarged OWI affected the circuit court's subject matter jurisdiction or its competency. The City argues that Booth Britton's objections to her 1992 OWI conviction implicate court competency rather than subject matter jurisdiction. The City further asserts that Booth Britton forfeited her right to challenge the circuit court's competency when she failed to object to the OWI first offense in the 1992 circuit court action. The City primarily relies on our 2004 decision in Mikrut, 273 Wis. 2d 76, ¶1, which stated that "a circuit court is never without subject matter jurisdiction." Booth Britton, in contrast, points to Rohner, 108 Wis. 2d at 722, a 1982 decision, which she argues held that circuit courts do not have

5

subject matter jurisdiction over subsequent criminal OWI offenses that were improperly charged and tried as civil first offenses. Booth Britton asserts then that her 1992 OWI conviction is void under Wis. Stat. § 806.07(1)(d).[4] We reject Booth Britton's argument.

A

¶9 In Rohner, the defendant, Paul Rohner, was cited for a first-offense OWI in violation of a county ordinance despite the fact that he had a prior countable OWI conviction. Rohner, 108 Wis. 2d at 715. Rohner contemporaneously objected to the improper charge in the circuit court and argued that the improper charging resulted in a lack of subject matter

---

[4] Wisconsin Stat. § 806.07 is titled: "Relief from judgment or order." This section "attempts to achieve a balance between fairness in the resolution of disputes and the policy favoring the finality of judgments." Edland v. Wis. Physicians Serv. Ins. Corp., 210 Wis. 2d 638, 644, 563 N.W.2d 519 (1997). Section (1)(d) allows for relief "from a judgment, order or stipulation" "on motion and upon such terms as are just" if "[t]he judgment is void." Wis. Stat. § 806.07(1)(d).

In her supplemental brief to this court, Booth Britton appears to raise an alternative argument for relief based on Wis. Stat. § 806.07(1)(h), which allows for consideration of "[a]ny other reasons justifying relief from the operation of the judgment." This subsection is to be used sparingly in extraordinary cases and any motion for relief based on § 806.07(1)(h) must be brought within a reasonable time period. Vill. of Trempealeau v. Mikrut, 2004 WI 79, ¶¶35-36, 273 Wis. 2d 76, 681 N.W.2d 190. We do not address whether Booth Britton meets the legal standards to obtain relief under § 806.07(1)(h) because she failed to request relief under this subsection in her motion to vacate her 1992 conviction. See id., ¶37.

6

jurisdiction because he should have been charged with a second-offense OWI under state law rather than a first-offense OWI under a municipal ordinance. Id. The circuit court disagreed, reasoning that it had "jurisdiction" because "the district attorney had the prosecutorial discretion to charge under either the ordinance violation or the state statute." Id. We disagreed and reversed the circuit court.

¶10 In doing so, we reviewed the statutory language governing OWI penalties in Wisconsin, prior cases interpreting that language, legislative history, and the purpose of drunk driving laws generally to conclude "that the legislature intended a second offense for drunk driving to be within the exclusive province of the state to prosecute as a crime." Id. at 716-21. Therefore, under our OWI statutes, a prosecutor has no discretion to charge what is factually a second-offense OWI as a first-offense municipal ordinance OWI. Id. at 721. As a result, we held that "[b]ecause the complaint is to be dismissed for want of subject-matter jurisdiction, there could not have been a valid proceeding against Rohner." Id. at 722 (emphasis added).

¶11 Following Rohner, we decided Mikrut, which made great strides in clarifying the concepts of circuit court competency and subject matter jurisdiction. Mikrut, 273 Wis. 2d 76, ¶¶1-3, 8-14. In Mikrut, the circuit court imposed forfeitures on the defendant for multiple violations of village ordinances. Id., ¶4. After the defendant exhausted his direct appeal rights, he filed a motion to vacate the circuit court's order and judgment,

7

claiming the Village's noncompliance with certain aspects of the ordinances deprived the circuit court of subject matter jurisdiction. Id., ¶6. We disagreed and held that any defect caused by noncompliance with the applicable ordinances affected court competency but not subject matter jurisdiction. See id., ¶¶2-3. We also concluded that challenges to court competency are forfeited[5] if not timely raised in the circuit court. Id., ¶¶30, 38. Mikrut, however, explained that even when a challenge to circuit court competency is forfeited:

> [A] reviewing court has inherent authority to disregard a [forfeiture] and address a competency argument in appropriate cases. Also, Wis. Stat. §§ 751.06 and 752.35 may provide an avenue for discretionary review of an otherwise [forfeited] competency challenge in extraordinary cases. In addition, Wis. Stat. § 806.07(1)(h) may provide a vehicle for collateral relief from judgment on the basis of an otherwise [forfeited] competency argument——again, however, only in extraordinary cases.

Id., ¶38. We did not address Mikrut's competency argument; instead, we held he forfeited his challenge to court competency by failing to make a timely objection in the circuit court. Id., ¶31.

---

[5] Although Mikrut used the term "waiver" instead of "forfeiture," we have since clarified that "[a]lthough cases sometimes use the words 'forfeiture' and 'waiver' interchangeably, the two words embody very different legal concepts. 'Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.'" State v. Ndina, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612 (quoting United States v. Olano, 507 U.S. 725, 733 (1993)). Properly construed, although Mikrut says "waiver" it means "forfeiture."

¶12 In setting forth the law in Wisconsin on subject matter jurisdiction and competency and differentiating between these two related concepts, Mikrut relied on Article VII, Section 8 of the Wisconsin Constitution. We explained:

Circuit courts in Wisconsin are constitutional courts with general original subject matter jurisdiction over "all matters civil and criminal." Wis. Const. art. VII, § 8. Accordingly, a circuit court is never without subject matter jurisdiction.

A circuit court's ability to exercise its subject matter jurisdiction in individual cases, however, may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction. The failure to comply with these statutory conditions does not negate subject matter jurisdiction but may under certain circumstances affect the circuit court's competency to proceed to judgment in the particular case before the court. A judgment rendered under these circumstances may be erroneous or invalid because of the circuit court's loss of competency but is not void for lack of subject matter jurisdiction.

Mikrut, 273 Wis. 2d 76, ¶¶1-2.

¶13 Thus, Rohner and Mikrut contain conflicting language. In the former[6] we determined that a circuit court lacked subject matter jurisdiction in an action where the prosecutor knowingly mischarged an OWI first offense that should have been criminally

---

[6] There are two notable factual differences between Rohner and this case. First, Rohner did not appear to involve an unknown out-of-state prior OWI conviction. Cty. of Walworth v. Rohner, 108 Wis. 2d 713, 715, 324 N.W.2d 682 (1982). Second, the defendant in Rohner filed a motion to dismiss the improperly charged first-offense OWI in a timely manner by raising it in the original circuit court action instead of waiting 22 years and many OWI convictions later. See id.

9

charged as a second-offense OWI due to a prior countable conviction.  In the latter, we stated that a circuit court's noncompliance with statutory mandates may affect a circuit court's competency, but does not negate subject matter jurisdiction.[7]

¶14 We harmonize the conflicting language in Rohner and Mikrut and determine that mischarging an OWI affects competency, not subject matter jurisdiction.  At the time we decided Rohner, our case law did not clearly distinguish between the concepts of subject matter jurisdiction and competency.  See Xcel Energy Servs., Inc. v. LIRC, 2013 WI 64, ¶27 n.8, 349 Wis. 2d 234, 833 N.W.2d 665 (explaining that older case law does not clearly differentiate between the two concepts).  Our decision in Mikrut further clarified Wisconsin's jurisprudence on the distinct, but related concepts of subject matter jurisdiction and competency.  Although Rohner referred to a lack of subject matter jurisdiction due to noncompliance with state statutes, we clarified, in Mikrut, that noncompliance with statutory mandates affects only a court's competency and will never affect its

---

[7] As a result of the conflicting language in Mikrut and Rohner, the court of appeals has reached different results in a series of recent unpublished opinions involving mischarged first-offense OWIs.  Compare, e.g., State v. Navrestad, No. 2014AP2273, unpublished slip op. (Wis. Ct. App. July 2, 2015) (following Mikrut and determining that the circuit court lacked competency) with City of Stevens Point v. Lowery, No. 2014AP742, unpublished slip op. (Wis. Ct. App. Feb. 5, 2015) (following Rohner and determining that the circuit court lacked subject matter jurisdiction) and Clark Cty. v. Potts, No. 2012AP2001, unpublished slip op. (Wis. Ct. App. March 28, 2013) (same).

subject matter jurisdiction.[8]   As a result, the proper characterization of the circuit court's deficiency in Rohner was loss of circuit court competency to proceed to judgment rather than negation of subject matter jurisdiction.  Accordingly, we withdraw any language from Rohner and any other case that suggests otherwise.

¶15 Our decision to withdraw such language leaves intact Rohner's holding "that the state has exclusive jurisdiction over a second offense for drunk driving."  See Rohner, 108 Wis. 2d at 716.  Furthermore, nothing in our decision today alters Rohner's confirmation of our state's policy to strictly enforce drunk driving laws.[9]  See id. at 721.

¶16 Finally, Booth Britton relies on State v. Bush, 2005 WI 103, ¶18, 283 Wis. 2d 90, 699 N.W.2d 80, to assert that the circuit court did not have subject matter jurisdiction in the 1992 OWI action because "[i]f a complaint fails to state an

---

[8] The fact that Mikrut did not cite to Rohner in clarifying the concepts of subject matter jurisdiction and court competency does not impact our decision.  See Mikrut, 273 Wis. 2d 76, ¶42 (Abrahamson, C.J., concurring) (recognizing that Mikrut "cast[] great doubt" on many prior opinions not specifically discussed by the opinion).

[9] Although under our decision today Booth Britton's 1992 undercharged OWI first-offense conviction stands, we note that affirming the circuit court's decision to vacate the 1992 conviction with prejudice would do nothing to further our state's policy of strictly enforcing OWI laws.  Instead, affirming the circuit court's dismissal with prejudice would erase the 1992 conviction, prevent it from being counted in subsequent OWI prosecutions, and forever prohibit the State from correctly charging Booth Britton for the 1992 OWI offense.

offense known at law, no matter civil or criminal is before the court, resulting in the court being without jurisdiction in the first instance." Booth Britton specifically argues that the circuit court was without subject matter jurisdiction because "a second offense criminal OWI charged as a first offense civil OWI is not an offense known at law." Put differently, "[w]here the offense charged does not exist, the trial court lacks [subject matter] jurisdiction." State v. Christensen, 110 Wis. 2d 538, 542, 329 N.W.2d 382 (1983). Booth Britton's argument fails because first-offense and second-offense OWIs are both offenses known at law as set forth in our statutes. See Wis. Stat. §§ 346.63(1), 346.65(2)(am)1.-2. In addition, Booth Britton was charged with a first-offense OWI, an offense that irrefutably exists under our statutes. See Wis. Stat. §§ 346.63(1), 346.65(2)(am)1. The parties appear to agree that Booth Britton was mischarged in 1992 because the City Attorney's office failed to discover the prior first-offense Minnesota OWI and because she failed to disclose it. The fact she should have been charged with a second-offense OWI, which would have increased the penalty imposed when convicted in 1992, does not make her 1992 drunk-driving offense lawful conduct.

¶17 Booth Britton's argument fails for another reason as well: Bush's conclusion that a court lacks subject matter jurisdiction if a complaint fails to state an offense known at law is not entirely accurate. See Bush, 283 Wis. 2d 90, ¶18. Bush states: "If a complaint fails to state an offense known at law, no matter civil or criminal is before the court, resulting

12

in the court being <u>without jurisdiction in the first instance</u>." <u>Id.</u>, ¶18 (emphasis added). A court, however, cannot be without jurisdiction "in the first instance" because when "a complaint fails to state an offense known at law," <u>id.</u>, the court must retain subject matter jurisdiction to dispose of the matter.

¶18 We also clarify <u>Bush</u>'s brief discussion of the interplay between subject matter jurisdiction and facial challenges to the constitutionality of statutes. <u>Id.</u>, ¶17. In <u>Bush</u>, where the constitutionality of a statute was challenged, the court asserted that "[i]f a statute is unconstitutional on its face, any action premised upon that statute fails to present any civil or criminal matter <u>in the first instance</u>" and "if the facial attack on the statute were correct, the statute would be null and void, and the court would be without the power to act under the statute." <u>Id.</u> (emphasis added). In <u>Bush</u>, the court construed a facial challenge to the constitutionality of a statute as implicating a court's subject matter jurisdiction: "We conclude that because Bush has facially challenged the constitutionality of chapter 980, his challenge goes to the subject matter jurisdiction of the court." <u>Id.</u>, ¶19. Bush ultimately concluded that chapter 980 is not facially unconstitutional. <u>Id.</u>, ¶40. If, as <u>Bush</u> suggests, a facially unconstitutional statute negates a court's subject matter jurisdiction, the court would be constrained from ever ruling on the constitutionality of the statute. However, "no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." <u>Mikrut</u>, 273 Wis. 2d 76, ¶8

13

(quoting <u>Mueller v. Brunn</u>, 105 Wis. 2d 171, 176, 313 N.W.2d 790 (1982)).[10]  <u>Bush</u> likely meant that if a statute is facially unconstitutional, the court lacks the power to enforce it because such statute would be void.  We withdraw any language from <u>Bush</u> purporting to impair the ability of a court to exercise its subject matter jurisdiction over challenges to the constitutionality of a statute.

¶19 Based on the Wisconsin Constitution's broad grant of subject matter jurisdiction to circuit courts as well as this court's clarification of the principles of subject matter jurisdiction and competency in <u>Mikrut</u>, we conclude that the circuit court had subject matter jurisdiction over the 1992 OWI first-offense action.  Therefore, the 1992 civil forfeiture

---

[10] We recognize that the broad constitutional grant of subject matter jurisdiction to the circuit court is subject to the phrase "[e]xcept as otherwise provided by law."  <u>See</u> Wis. Const. art. VII, § 8.  This phrase, however,

> only allows for a legislative reallocation of jurisdiction from the circuit court to another court. It does not permit the legislature to divest the constitutional grant of jurisdiction from the unified court system; and under the unified system created by the amendment of 1977, original jurisdiction is vested wholly in the circuit court.

<u>Eberhardy v. Circuit Court for Wood Cty.</u>, 102 Wis. 2d 539, 550, 307 N.W.2d 881 (1981).  Put differently, this limiting phrase forecloses the legislature from enacting a statute that would circumscribe the broad constitutional grant of subject matter jurisdiction to circuit courts.  <u>See</u> <u>Xcel Energy Servs., Inc. v. LIRC</u>, 2013 WI 64, ¶27, 349 Wis. 2d 234, 833 N.W.2d 665; <u>Mikrut</u>, 273 Wis. 2d 76, ¶8; <u>Eberhardy</u>, 102 Wis. 2d at 549-50.

judgment is not void for lack of subject matter jurisdiction under Wis. Stat. § 806.07(1)(d).

B

¶20 Having determined that the circuit court had subject matter jurisdiction over the 1992 OWI, we next consider the circuit court's competency to exercise its subject matter jurisdiction. See Vill. of Elm Grove v. Brefka, 2013 WI 54, ¶16, 348 Wis. 2d 282, 832 N.W.2d 121 ("The circuit court's determination of competency refers to its 'ability to exercise the subject matter jurisdiction vested in it' by Article VII, Section 8 of the Wisconsin Constitution.") (quoting Mikrut, 273 Wis. 2d 76, ¶9).

¶21 As previously indicated, a circuit court may lose competency to enter judgment in a particular case if statutory requirements are not met. Mikrut, 273 Wis. 2d 76, ¶9. We have explained that "a failure to comply with a statutory mandate pertaining to the exercise of subject matter jurisdiction may result in a loss of the circuit court's competency to adjudicate the particular case before the court." Id. Statutory noncompliance results in a lack of circuit court competency "[o]nly when the failure to abide by a statutory mandate is 'central to the statutory scheme' of which it is a part . . . ." Id., ¶10 (citing State v. Bollig, 222 Wis. 2d 558, 567-68, 587 N.W.2d 908 (Ct. App. 1998) and Arreola v. State, 199 Wis. 2d 426, 441, 544 N.W.2d 611 (Ct. App. 1996)). Even when a court lacks competency to proceed to judgment, a challenge to

15

court competency can be forfeited if not timely raised in the circuit court. <u>Mikrut</u>, 273 Wis. 2d 76, ¶38.

¶22 Here, the circuit court lacked competency to proceed to judgment in Booth Britton's 1992 OWI case because mischarging a second-offense OWI as a first-offense OWI results in a failure to abide by mandatory OWI penalties central to the escalating penalty scheme. Wisconsin Stat. § 346.63(1)(a) prohibits operation of a motor vehicle while "[u]nder the influence of an intoxicant . . . ." Violations of § 346.63(1) are penalized under an escalating penalty scale. Wis. Stat. § 346.65(2). A first-offense OWI conviction is civil in nature and punishable by forfeiture. <u>See</u> Wis. Stat. § 346.65(2)(am)1.[11] Under the current OWI penalty scheme, penalties for subsequent OWI convictions generally depend on the total lifetime number of convictions under Wis. Stat. §§ 940.09(1) and 940.25, plus countable "suspensions, revocations, and other convictions" under § 343.307(1). Wis. Stat. § 346.65(2)(am)2.-7. At the time of Booth Britton's 1992 OWI in Eau Claire County, the escalating penalty scheme was similar to the current penalty scheme except that it counted "the total number of suspensions, revocations and convictions" under Wis. Stat. § 343.307(1) in a five-year period. <u>Compare</u> Wis. Stat. § 346.65(2)(b)-(e) (1991-92) <u>with</u> Wis. Stat. § 346.65(2)(am)2.-7.

---

[11] The same was true of first-offense OWIs when Booth Britton was cited for her 1992 OWI in Eau Claire County. <u>See</u> Wis. Stat. § 346.65(2)(a) (1991-92).

16

¶23 The parties agree that Booth Britton's 1990 Minnesota conviction was a prior countable OWI offense under Wisconsin's OWI penalty scheme; therefore, her 1992 first-offense OWI in Eau Claire County was in fact a second-offense OWI, and therefore should have been charged as a criminal offense. The parties' analysis is correct. The legislature's use of "shall" in Wisconsin's OWI escalating penalty scheme, Wis. Stat. § 346.65(2), is mandatory and, as a result, criminal penalties are required of all OWI convictions following an OWI first-offense conviction. See, e.g., Rohner, 108 Wis. 2d at 717-18; State v. Banks, 105 Wis. 2d 32, 39, 313 N.W.2d 67 (1981). Furthermore, Wis. Stat. § 343.307(1)(d) requires a court to count "[c]onvictions under the law of another jurisdiction that prohibits a person from . . . using a motor vehicle while intoxicated . . . as those or substantially similar terms are used in that jurisdiction's laws." A Minnesota OWI is a countable conviction under Wisconsin's OWI penalty scheme. State v. White, 177 Wis. 2d 121, 125, 501 N.W.2d 463 (Ct. App. 1993). ("Minnesota OWI convictions count as prior convictions under sec. 346.65(2), Stats., because the Minnesota OWI statute meets the prerequisites of sec. 343.307.").

¶24 The central concept underlying the mandatory OWI escalating penalty scheme set forth in Wis. Stat. § 346.65(2)(am) is exposure to progressively more severe penalties for each subsequent OWI conviction as the number of countable convictions increases. See State v. Williams, 2014 WI 64, ¶30, 355 Wis. 2d 581, 852 N.W.2d 467. That Wis. Stat.

17

§ 346.65(2)(am)2.-7. set forth escalating penalties for OWI-related convictions is apparent from a plain reading of these statutes. Compare, e.g., Wis. Stat. § 346.65(2)(am)3. (governing a third-offense OWI conviction and imposing a minimum of 45 days of imprisonment in the county jail), with Wis. Stat. § 346.65(2)(am)4. (governing fourth-offense OWI convictions, generally, and imposing a minimum of 60 days of imprisonment); see also Williams, 355 Wis. 2d 581, ¶32 ("Even a cursory glance at the structure of Wis. Stat. § 346.65(2)(am) reveals a pattern: the mandatory minimum sentences generally increase with the number of OWIs."). In addition, "[t]he statutory history of Wis. Stat. § 346.65(2) reveals a general trend toward harsher mandatory minimum sentences as the number of OWIs increases." Williams, 355 Wis. 2d 581, ¶30. As we explained in Williams, "the current statute makes eight different OWI-offense distinctions and provides increasing penalties depending on the number of OWIs the offender has committed and, in some instances, on the temporal proximity of an offense to the offender's previous OWI." Id. This escalating penalty scheme is frustrated if an OWI is mischarged as a civil first offense rather than a criminal second offense due to an undiscovered prior countable offense. Accordingly, failure to abide by the mandatory penalty scheme in Booth Britton's 1992 OWI case resulted in a loss of circuit court competency.

¶25 The lack of circuit court competency in this case does not end the matter, however. Booth Britton did not timely object to the circuit court's competency in the 1992 circuit

18

court action. In fact, she did not challenge her mischarged 1992 OWI until 2014. Booth Britton's considerable delay in raising the issue suggests an attempt to play fast and loose with the court system, which is something this court frowns upon. See State v. Petty, 201 Wis. 2d 337, 346-47, 548 N.W.2d 817 (1996). We conclude that Booth Britton forfeited her ability to challenge the 1992 OWI first-offense civil forfeiture judgment. We decline to exercise our inherent authority to reach a challenge that Booth Britton forfeited and then waited 22 years to raise.

## IV. CONCLUSION

¶26 We conclude that the circuit court, while retaining subject matter jurisdiction over the matter, lacked competency to enter a civil judgment of conviction for a first-offense OWI that factually should have been charged criminally as a second-offense OWI due to a prior countable OWI conviction. Here, Booth Britton forfeited her challenge to the circuit court's competency when she failed to raise any objection to the first-offense OWI charge in the original 1992 action.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded.

¶27 SHIRLEY S. ABRAHAMSON, J. *(dissenting).* The Wisconsin Constitution provides that "[e]xcept as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law." Wis. Const. art. VII, § 8 (emphasis added).

¶28 The instant case is an example of the interplay between two confusing doctrines this court has developed in interpreting this constitutional provision: a circuit court's subject matter jurisdiction and a circuit court's competency.[1]

¶29 In addressing whether an error in a proceeding results in a circuit court's lack of subject matter jurisdiction or lack of competency, the essential issue is which of two competing

---

[1] *See* *State v. Bush,* 2005 WI 103, ¶16, 283 Wis. 2d 90, 699 N.W.2d 80 ("[T]he jurisprudence concerning subject matter jurisdiction and a circuit court's competence to exercise its subject matter jurisdiction is murky at best.").

principles is to govern: the validity of a judgment or the finality of a judgment?[2]

¶30 Labeling an error as resulting in a lack of subject matter jurisdiction gives greater emphasis to the error and the invalidity of the judgment. If the circuit court does not have subject matter jurisdiction, the error renders the judgment void.[3] A void judgment is forever vulnerable to attack.[4]

---

[2] For discussions of the competing values of validity and finality in judgments, see, for example, Restatement (Second) of Judgments § 12 cmt. a at 116-17 (1982); Edward T. Matthews, Civil Procedure: The Unfortunate Elevation of Finality Over Validity——Bode v. Minn. Dep't of Natural Res., 28 Wm. Mitchell L. Rev. 1217, 1218-19 (2002) (discussing a Minnesota Supreme Court decision that "chose to adopt section 12 of the Restatement (Second) of Judgements and its preference for finality instead of adhering to its own precedent which held that validity was of paramount importance") (footnotes omitted); Karen Nelson Moore, Collateral Attack on Subject Matter Jurisdiction: A Critique of the Restatement (Second) of Judgments, 66 Cornell L. Rev. 534, 534 (1981) ("Courts, as well as both Restatements [of Judgments], seek to resolve the conflict between two important policies: insuring that judgments are rendered only by courts having the power to do so (the policy of validity) and enforcing a termination point for litigation after the opportunity for full and fair litigation (the policy of finality). The tension between these two policies is readily apparent.").

[3] "[T]he traditional doctrine was that a judgment of a court shown to have lacked subject matter jurisdiction was 'void.'" Restatement (Second) of Judgments § 12 cmt b at 117 (1982).

See State v. Campbell, 2006 WI 99, ¶43, 294 Wis. 2d 100, 718 N.W.2d 649.

[4] See Neylan v. Vorwald, 124 Wis. 2d 85, 97, 368 N.W.2d 648 (1985) ("A void judgment may be expunged by a court at any time.").

¶31 Labeling an error as resulting in a lack of circuit court competency gives greater emphasis to the finality of the judgment rather than any invalidity. A challenge to competency may be forfeited.[5] Thus, a judgment entered when the circuit court lacks competency is not forever vulnerable to attack.

¶32 The problem in our case law attempting to distinguish between a circuit court's subject matter jurisdiction and a circuit court's competency is the failure to approach the two in a sound, consistent, and analytical way. The cases are confusing and imprecise in their use of the terms and in their application of the terms to the facts of the case.[6]

¶33 At issue in the instant case is a 22-year-old judgment of conviction for first-offense civil OWI in violation of a local ordinance prosecuted by the City of Eau Claire. The error in the proceeding was that the defendant, Melissa Booth Britton,

---

[5] See Village of Trempealeau v. Mikrut, 2004 WI 79, ¶27, 273 Wis. 2d 76, 681 N.W.2d 190.

Mikrut used the word "waiver," but later cases interpret "waiver" (in the sense Mikrut used that word) to mean "forfeiture." See State v. Ndina, 2009 WI 21, ¶¶28-29, 315 Wis. 2d 653, 761 N.W.2d 612.

The Mikrut court did not address whether mandatory statutory time limitations can be waived. See State v. Matthew S., 2005 WI 84, ¶27, 282 Wis. 2d 150, 698 N.W.2d.

[6] "This confusion has taken on a life of its own over the years and shows no sign of abating." Xcel Energy Servs., Inc. v. LIRC, 2013 WI 64, ¶65, 349 Wis. 2d 234, 833 N.W.2d 665 (Abrahamson, C.J., concurring).

had a prior Minnesota OWI conviction. "[T]he State has exclusive jurisdiction over a second offense for drunk driving." <u>Walworth Cnty. v. Rohner</u>, 108 Wis. 2d 713, 716, 324 N.W.2d 682 (1982). Thus, Booth Britton should have been prosecuted by the State for violation of a criminal statute, second-offense criminal OWI, not by Eau Claire for first-offense civil OWI for a violation of a local ordinance.

¶34 The OWI statutes create progressive penalties for successive OWI offenses. "[T]he legislature's intent in drafting [the progressive penalty scheme] was to <u>require</u> criminal proceedings and penalties for a second drunk driving offense within a five-year period," and the language of the statutes "demonstrates that the legislature intended that a second offense for drunk driving be <u>exclusively</u> within the province of the state." <u>Rohner</u>, 108 Wis. 2d at 717-18 (second emphasis added).

¶35 The question the majority opinion presents in the instant case is whether the circuit court lacked subject matter jurisdiction or competency in convicting Booth Britton of first-offense civil OWI. The answer to this question raises significant public policy issues.

¶36 The interests at stake in the instant case regarding how to characterize the error are governmental and societal.

¶37 On the one hand, the public policy requiring a second (or subsequent) OWI offense be prosecuted as a crime by the

4

State, as well as the policy favoring the validity of judgments, would be advanced by labeling the error in the instant case as a lack of subject matter jurisdiction; the 22-year-old judgment of conviction would be void.

¶38 On the other hand, the public policy favoring the finality of judgments would be advanced by labeling the error in the instant case as a lack of circuit court competency. If the error is labeled as a lack of circuit court competency, the defendant has forfeited her challenge to the judgment and brought her motion for relief from the judgment under Wis. Stat. § 806.07 too late; the 22-year-old judgment of conviction would stand.

¶39 I write separately to address two areas of the law raised by the instant case:

I.   The instant case is a motion based on Wis. Stat. § 806.07 and should be addressed as a motion under that statute; and

II.  The instant case involves

    A.   interpreting and applying Article VII, Section 8 of the Wisconsin Constitution; and

    B.   analyzing the case law defining and differentiating between circuit court "subject matter jurisdiction" and circuit court "competency."

The case law is confusing and based on misunderstandings.

5

¶40 When I apply precedent in addressing these two areas of the law, I conclude that the 22-year-old first-offense civil OWI judgment against Booth Britton is void under Wis. Stat. § 806.07 because the circuit court did not have subject matter jurisdiction under the Wisconsin Constitution.

¶41 Unfortunately, the majority opinion rewrites precedent and fails to clarify or develop the law.[7]

¶42 For the reasons set forth, I dissent and write separately.

I

¶43 I begin where the instant case began, with a motion under Wis. Stat. § 806.07(1) and (1)(d) in the Circuit Court for Eau Claire County to vacate the first-offense civil OWI judgment entered against Booth Britton in 1992.[8]

¶44 "Sec[tion] 806.07 attempts to achieve a balance between the competing values of finality and fairness in the

---

[7] Although I do not agree with several other aspects of the majority opinion, I do not address them.

[8] The majority opinion suggests that "Booth Britton's considerable delay in raising the issue suggests an attempt to play fast and loose with the court system, which is something this court frowns upon." Majority op., ¶25. This criticism is unwarranted. Nothing in the record or law suggests that Booth Britton is attempting to play fast and loose with the court system. Rather, Booth Britton argues that the 1992 judgment is void and that there is no time limit on motions to vacate void judgments. See Neylan, 124 Wis. 2d at 97. Booth Britton's position has significant support. Indeed, recent decisions of the court of appeals have divided on the question presented in the instant case. See infra, n.38.

6

resolution of a dispute. The court must construe section 806.07 to achieve this balance."[9]

¶45 The 1992 judgment imposed a civil forfeiture under a local ordinance for a first-offense civil OWI. Because Booth Britton had previously been convicted in Minnesota of OWI at the time Eau Claire charged her with first-offense civil OWI, the civil charge did not apply to her. She should have been charged with and punished for a second-offense criminal OWI under the escalating penalty scheme delineated in the statutes. Civil penalties are not authorized for a second-offense OWI in Wisconsin. See Rohner, 108 Wis. 2d at 721.

¶46 Without a civil statute prohibiting second-offense OWI, Booth Britton could not be prosecuted for a civil OWI. The facts upon which the prosecution of Booth Britton was based must fall within the statutory description of the offense with which she was charged. The prosecution of any second or subsequent

---

[9] State ex rel. M.L.B. v. D.G.H., 122 Wis. 2d 536, 542, 363 N.W.2d 419 (1985) (citing Patricia Graczyk, The New Wisconsin Rules of Civil Procedure, Chapters 805-807, 59 Marq. L. Rev. 671, 727 (1976), and explaining that the court refers to Wisconsin cases interpreting § 806.07 and to federal cases interpreting Rule 60(b) of the Federal Rules of Civil Procedure upon which § 806.07 is based); see also Edland v. Wis. Phys. Serv. Ins. Corp., 210 Wis. 2d 638, 644, 563 N.W.2d 519 (1997) (citing M.L.B. with approval).

offense OWI is "within the exclusive province of the state to prosecute as a crime." See Rohner, 108 Wis. 2d at 721.[10]

¶47 In seeking relief from the first-offense civil OWI judgment entered in Eau Claire, Booth Britton relied on Wis. Stat. § 806.07(1) and (1)(d), which provides that "the court . . . may relieve a party or legal representative from a judgment" if "[t]he judgment is void . . . ."[11]

¶48 Although Wis. Stat. § 806.07(2) further requires that motions for relief from judgments be made "within a reasonable time," the court has held that "[a] void judgment may be expunged by a court at any time." See Wis. Stat. § 806.07(2);

---

[10] The majority opinion (¶14) asserts that it is "harmonizing" Rohner and Mikrut by withdrawing language from Rohner. The majority opinion creates additional confusion by withdrawing language not only from Rohner but also from "any other case."

To my mind, withdrawing language from a prior case or unidentified prior cases amounts to overruling those cases in part or in whole, not harmonizing them. Withdrawing language from unidentified prior cases is a recipe for further confusion.

The majority opinion does not withdraw the language I quote.

[11] Wisconsin Stat. § 806.07(1) and (1)(d) provide as follows:

On motion and upon such terms as are just, the court, subject to subs. (2) and (3), may relieve a party . . . from a judgment . . . for the following reasons:

. . . .

(d) the judgment is void.

<u>Neylan v. Vorwald</u>, 124 Wis. 2d 85, 97, 368 N.W.2d 648 (1985).[12] If a judgment is void, it cannot acquire validity because of the lapse of time, and the judgment should be treated as legally ineffective in a subsequent proceeding. <u>See</u> <u>Neylan</u>, 124 Wis. 2d at 98-100.

¶49 Therefore, the issue presented is whether the first-offense civil OWI judgment against Booth Britton is void under Wis. Stat. § 806.07(1)(d). In deciding this § 806.07(1)(d) issue, the majority opinion addresses whether the Eau Claire circuit court had subject matter jurisdiction.

¶50 The majority opinion gives two reasons for concluding that the Eau Claire circuit court had subject matter jurisdiction to enter judgment for first-offense civil OWI under the facts of the instant case.

¶51 First, the majority opinion repeatedly recites and perpetuates by rote the court's pronouncement in <u>Village of</u> <u>Trempealeau v. Mikrut</u>, 2004 WI 79, 273 Wis. 2d 76, 681 N.W.2d 190, that a circuit court is <u>never</u> without subject matter jurisdiction. <u>See, e.g.</u>, majority op., ¶¶8, 12, 14.

---

[12] In <u>Neylan</u>, 124 Wis. 2d at 97, after reviewing the history of Wis. Stat. § 806.07 and its federal counterpart, Federal Rule of Civil Procedure 60(b), the court concluded that although the "reasonable time limit" stated in § 806.07 and the Federal Rule seem literally to apply to a motion to vacate a void judgment, a motion to vacate a void judgment may be brought at any time.

¶52 "Never" in Mikrut, however, does not mean "Never Ever."

¶53 Our cases recognize that exceptions exist to Mikrut's broad pronouncement that a circuit court is never without subject matter jurisdiction.[13] I return to this issue in Part II of this dissent.

¶54 Second, the majority opinion (at ¶17) states that State v. Bush, 2005 WI 103, ¶18, 283 Wis. 2d 90, 699 N.W.2d 80, was "not entirely accurate" in stating that a circuit court lacks subject matter jurisdiction if the error in a proceeding is the failure to state an offense known at law. I address this aspect of the majority opinion in this part of the dissent.

¶55 The majority opinion asserts that Bush is "not entirely accurate" because "when 'a complaint fails to state an offense known at law,' the court must retain subject matter jurisdiction to dispose of the matter."[14] The majority opinion attempts to revive a straw man that was knocked down a long time ago.

---

[13] See, e.g., Campbell, 294 Wis. 2d 100, ¶¶45-56 (unanimously acknowledging that "[t]here are exceptions to [Mikrut's] principles about subject matter jurisdiction and competency," stating exceptions for a judgment premised upon an unconstitutional statute and a judgment premised on a criminal complaint that failed to allege any offense known at law, and recognizing that "there may be other exceptions").

[14] Majority op., ¶17 (internal citation omitted) (quoting Bush, 283 Wis. 2d 90, ¶18).

¶56 Obviously a circuit court has jurisdiction to determine its own jurisdiction (and thus jurisdiction "to dispose of the matter," majority op., ¶17). The law has long avoided the paradox that results if a court is without jurisdiction to determine its jurisdiction.[15]

¶57 But the fact that a circuit court has jurisdiction to determine its own jurisdiction is irrelevant to the real issue Bush, the parties, and I address: Is a judgment rendered on a civil or criminal offense not known at law void? The answer to this question is yes.

¶58 The precept that the failure to state an offense known at law is a jurisdictional defect is well-accepted: A circuit court lacks subject matter jurisdiction to enter judgment in a proceeding based on an offense not known at law, and any

---

[15] See, e.g., City of Milwaukee v. Cohen, 57 Wis. 2d 38, 43-44, 203 N.W.2d 633 (1973) ("A court must have subject-matter jurisdiction in order to have the authority to hear and determine the primary object of the action. In order to make this determination this court has jurisdiction to determine jurisdiction. That is, whether the circuit court and this court have jurisdiction to hear the instant case.") (citing State v. Omernik, 54 Wis. 2d 220, 194 N.W.2d 617 (1972); McCabe v. Milwaukee, 53 Wis. 2d 34, 191 N.W.2d 926 (1971); Brachtl v. DOR, 48 Wis. 2d 184, 179 N.W.2d 921 (1970); Bublitz v. Matulis, 34 Wis. 2d 23, 148 N.W.2d 64 (1967); Monahan v. Dep't of Taxation, 22 Wis. 2d 164, 125 N.W.2d 331 (1963)); Restatement (Second) of Judgments § 11 cmt. c at 110 (1982) ("[A] court has authority to determine its own authority, or as it is sometimes put, 'jurisdiction to determine its jurisdiction.'").

judgment premised on an offense not known at law is void.[16] Thus, without a civil or criminal statute prohibiting drunk driving, an individual could not be prosecuted for drunk driving, and if he or she were convicted, the judgment would be void. "In short, Wisconsin law clearly establishes that a

---

[16] This proposition has been repeated both before and after Bush. See, e.g., Campbell, 294 Wis. 2d 100, ¶45 ("[A] criminal complaint that fails to allege any offense known at law is jurisdictionally defective and void"); State v. Christensen, 110 Wis. 2d 538, 542, 329 N.W.2d 382 (1983) ("Where the offense charged does not exist, the trial court lacks jurisdiction."); State v. Schneider, 60 Wis. 2d 563, 567, 211 N.W.2d 630, 633 (1973) (stating that a complaint that charges no offense known at law is jurisdictionally defective and cannot sustain a conviction); Champlain v. State, 53 Wis. 2d 751, 754, 193 N.W.2d 868 (1972) (a complaint which charges no offense is jurisdictionally defective and the conviction is void); State v. Lampe, 26 Wis. 2d 646, 648, 133 N.W.2d 349 (1965) ("If the defendant is correct that no offense is charged then the court had no jurisdiction to proceed to judgment."); In re Carlson, 176 Wis. 538, 545, 186 N.W. 722 (1922) ("[I]f the information charged no offense the court had no jurisdiction to proceed to judgment," citing Article I, Section 7 of the Wisconsin Constitution); State v. Howard, 139 Wis. 529, 534, 121 N.W. 133 (1909) (holding that when the facts do not fall within the statutory offense charged, the sentence and judgment of conviction must be reversed because the information does not charge an offense known at law); State v. Briggs, 218 Wis. 2d 61, 65, 579 N.W.2d 783 (Ct. App. 1998) (Roggensack, J., authored; "[T]here is no crime of attempted felony murder in the State of Wisconsin; therefore, the circuit court was without subject matter jurisdiction to accept a plea, enter a conviction, and sentence [the defendant] for attempted felony murder."); State v. Cvorovic, 158 Wis. 2d 630, 631, 462 N.W.2d 897 (Ct. App. 1990) (concluding that because Wisconsin law does not recognize the offense of attempted fourth degree sexual assault, a conviction for that offense was void for lack of subject matter jurisdiction).

judgment resulting from a complaint or information which charges no offense recognized in law is void ab initio."[17]

¶59 The premise underlying Bush and the other cases addressing offenses not known at law is simple: Circuit courts have original jurisdiction over all matters civil and criminal, except as otherwise provided by law. See Wis. Const. art. VII, § 8. If the offense is not known at law, no offense, civil or criminal, is before the circuit court; as a result, the circuit court is without subject matter jurisdiction in the first instance. See Bush, 283 Wis. 2d 90, ¶18.

¶60 The majority opinion neglects the teachings of these many, long-standing cases by simply asserting that in the instant case "first-offense and second-offense OWIs are both offenses known at law as set forth in our statutes." Majority op., ¶16 (citing Wis. Stat. §§ 346.63(1), 346.65(2)(am)1.-2.). In the majority's view (¶16), Booth Britton was charged and convicted of an offense known at law because she "was charged with a first-offense OWI, an offense that irrefutably exists under our statutes."

¶61 These sentences and the assertion that Bush is "not entirely accurate" are the entirety of the majority opinion's conclusory explanation that Booth Britton's offense was known at law.

---

[17] Briggs, 218 Wis. 2d at 68-69.

13

¶62 Apparently the majority opinion (¶16) believes that circuit courts have subject matter jurisdiction over any and all OWI-related conduct, regardless of the nature of the conduct or the text of the statutes. True, a first-offense civil OWI is proscribed by the statutes. The facts upon which Booth Britton was charged and found guilty, however, do not comport with the proscribed civil offense.

¶63 By granting circuit courts subject matter jurisdiction over any and all OWI-related conduct regardless of the text of the statutes, the majority opinion rewrites legal history and usurps legislative power. In our system of government, the legislature defines civil and criminal offenses against the government.

¶64 If an individual may be found guilty of a first-offense civil OWI even though the individual has a prior OWI conviction, then what is left of the rule espoused in numerous cases that a circuit court is without subject matter jurisdiction when "a complaint fails to state an offense known at law . . . ?"[18] What is left of Rohner's language, 108 Wis. 2d at 716, (left intact by the majority opinion, ¶15) that second (or subsequent) OWI offenses are within the exclusive jurisdiction of the state?

---

[18] See majority op., ¶17 (quoting Bush, 283 Wis. 2d 90, ¶18).

14

¶65 The majority opinion does not answer these questions. Instead, the majority opinion moves quickly from labeling Bush "not entirely accurate" (¶17) and describing all OWI-related conduct (including the conduct that was the basis of the charge against Booth Britton) as offenses known at law (¶16) to discussing whether circuit courts have subject matter jurisdiction to determine the constitutionality of a statute. Majority op., ¶18. Of course they do. See Marbury v. Madison, 5 U.S. (1 Cranch.) 137, 178 (1803).[19]

¶66 Bush does not purport to impair the ability of a circuit court to decide challenges to the constitutionality of a statute. Indeed, the majority opinion recognizes that Bush addressed a challenge to the constitutionality of chapter 980 of the statutes.[20]

¶67 In so doing, Bush recognized that a circuit court has jurisdiction to address whether a statute is unconstitutional on its face. In addition, Bush declared in ¶¶18-19 that a circuit court's judgment premised on an unconstitutional statute is

---

[19] See Marbury v. Madison, 5 U.S. (1 Cranch.) 137, 178 (1803) ("So if a law be in opposition to the constitution; if both the law and the constitution apply to a particular case, so that the court must either decide that case conformably to the law, disregarding the constitution; or conformably to the constitution, disregarding the law; the court must determine which of these conflicting rules governs the case. This is of the very essence of judicial duty.").

[20] See majority op., ¶18 (citing Bush, 283 Wis. 2d 90, ¶¶19, 40).

15

void.[21] The court said the same thing in State v. Campbell, 2006 WI 99, ¶45, 294 Wis. 2d 100, 718 N.W.2d 649, declaring: "Thus, if a statute is unconstitutional on its face, any judgment premised upon that statute is void."

¶68 Nevertheless, the majority opinion (¶18) withdraws any language in Bush "purporting to impair the ability of a court to exercise its subject matter jurisdiction over challenges to the constitutionality of a statute." Because Bush does not purport to impair the ability of a circuit court to address the constitutionality of a statute, this aspect of the majority opinion does no damage to Bush or our law. The majority opinion cannot withdraw language in Bush that does not exist. Thus, Bush is undisturbed.

¶69 Turning from the majority's analysis of Bush to the majority's analysis of Rohner, the majority acknowledges that it leaves intact "Rohner's holding 'that the state has exclusive jurisdiction over a second offense for drunk driving,'" and asserts that "nothing in our decision today alters Rohner's confirmation of our state's policy to strictly enforce drunk

---

[21] See Bush, 283 Wis. 2d 90, ¶17.

16

driving laws."[22] See majority op., ¶15 (quoting Rohner, 108 Wis. 2d at 716).

¶70 Nevertheless, the majority opinion abandons the legislatively adopted "state policy of strict enforcement of these laws." Rohner, 108 Wis. 2d at 718. The majority replaces this legislative policy with a court-adopted policy favoring the finality of OWI judgments. Rohner specifically rejected giving municipalities and district attorneys discretion over whether to charge otherwise criminal OWIs as first-offense civil OWIs.[23] Yet under the majority opinion, what would prevent a state or local governmental official from choosing to charge and prosecute a first offense civil OWI when a criminal charge should be brought?[24]

---

[22] The OWI statutes "requir[e] that criminal penalties be imposed for a second offense," and "the legislature intended a second offense for drunk driving to be within the exclusive province of the state to prosecute as a crime." Rohner, 108 Wis. 2d at 717, 721.

[23] See Rohner, 108 Wis. 2d at 718.

[24] The majority opinion distinguishes the instant case from Rohner, stating that the instant case involves an "unknown out-of-state prior OWI conviction." Majority op., ¶13 n.6. Nothing in the record in the instant case reveals whether Booth Britton's prior Minnesota OWI conviction was (or was not) known at the time of her 1992 conviction. Indeed, the record from Booth Britton's 1992 OWI conviction has been destroyed. The majority opinion assumes facts not in the record.

17

¶71 Ignoring the legislative policy of "strict enforcement of drunk driving laws,"[25] the majority adopts a policy favoring the finality of judgments over the well-established rule that a judgment of conviction for a civil or criminal offense not known at law is void.

¶72 In contrast, I view Rohner and Bush as correctly stating the legislative policy in the OWI statutes and emphasizing the invalidity of judgments based on offenses not known at law.

¶73 Thus, I conclude that the Eau Claire civil judgment is void under Wis. Stat. § 806.07(1) and (1)(d); the facts of the instant case do not fit any common law or statutory civil offense. "Wisconsin law clearly establishes that a judgment resulting from a complaint or information which charges no offense recognized in law is void ab initio."[26] Accordingly, the circuit court's order granting Booth Britton's Wis. Stat. § 806.07(1)(d) motion for relief from the void Eau Claire judgment should be affirmed.

II

¶74 I turn now to address the second area of law I outlined earlier, namely:

---

[25] Rohner, 108 Wis. 2d at 721.

[26] Briggs, 218 Wis. 2d at 68-69.

18

    A.    interpreting and applying Article VII, Section 8 of the Wisconsin Constitution; and

    B.    analyzing the case law defining and differentiating between "subject matter jurisdiction" and "competency."

The case law is confusing and based on misunderstandings.

A

¶75 The majority opinion, relying on Mikrut, 273 Wis. 2d 76, concludes that under Article VII, Section 8 of the Wisconsin Constitution "a circuit court is never without subject matter jurisdiction." See, e.g., majority op., ¶¶8, 12, 14 (emphasis added). This statement is just wrong. Repeating, repeating, and repeating it does not make it correct.

¶76 Two years after Mikrut, the court unanimously acknowledged that there are exceptions to Mikrut's proclamation. See Campbell, 294 Wis. 2d 100, ¶¶45-56 (unanimously acknowledging that "[t]here are exceptions to [Mikrut's] principles about subject matter jurisdiction and competency," stating two exceptions, and recognizing that "there may be other exceptions").

¶77 The Wisconsin Constitution provides: "Except as otherwise provided by law, the circuit court shall have original jurisdiction in all matters civil and criminal within this state and such appellate jurisdiction in the circuit as the legislature may prescribe by law." Wis. Const. art. VII, § 8.

¶78 Numerous cases interpreting the current version of Article VII, Section 8 (as amended in 1977) have omitted any reference to the language "except as otherwise provided by law" and have concluded that a circuit court is <u>never</u> without subject matter jurisdiction.[27]

¶79 Numerous cases interpreting the current version of Article VII, Section 8 (as amended in 1977) have also concluded

---

[27] For cases referring to post-1977 Article VII, Section 8 of the Wisconsin Constitution that erroneously declare that circuit courts have unlimited subject matter jurisdiction and omit any reference to the "except" clause, see, for example, <u>Xcel Energy Servs., Inc. v. LIRC</u>, 2013 WI 64, ¶27, 349 Wis. 2d 234, 833 N.W.2d 665 ("Given this broad constitutional grant of subject matter jurisdiction to the circuit courts, we have recognized that 'no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever.'"); <u>In re Ambac Assurance Corp.</u>, 2012 WI 22, ¶28, 339 Wis. 2d 48, 810 N.W.2d 450 ("It is axiomatic that a circuit court is never without subject matter jurisdiction."); <u>DaimlerChrysler v. LIRC</u>, 2007 WI 15, ¶21, 299 Wis. 2d 1, 727 N.W.2d 311 ("Under the Wisconsin Constitution, circuit courts in Wisconsin have general original subject matter jurisdiction over 'all matters civil and criminal.'").

that Article VII, Section 8's grant of subject matter jurisdiction cannot be revoked by statute.[28]

---

[28] For cases referring to post-1977 Article VII, Section 8 of the Wisconsin Constitution and erroneously declaring that the legislature cannot limit or revoke a circuit court's jurisdiction, see, for example, Xcel Energy Servs., Inc. v. LIRC, 2013 WI 64, ¶27, 349 Wis. 2d 234, 833 N.W.2d 665 ("[B]ecause subject matter jurisdiction is conferred on the courts by the constitution, it cannot be revoked by statute."); State v. Matthew S., 2005 WI 84, ¶16, 282 Wis. 2d 150, 698 N.W.2d 631 (while the Wisconsin Constitution confers subject matter jurisdiction, the legislature may limit the ability of circuit courts to exercise it through statutes effecting competency, not subject matter jurisdiction); Stern v. Wis. Employment Relations Comm'n, 2006 WI App 193, ¶24, 296 Wis. 2d 306, 722 N.W.2d 594 ("[S]ubject matter jurisdiction is plenary and constitutionally-based and is not affected by statutes . . . ."); Amy Z. v. Jon T., 2004 WI App 73, ¶6, 272 Wis. 2d 662, 679 N.W.2d 903 ("The circuit courts possess 'plenary' jurisdiction by virtue of Wis. Const. Art. VII, § 8, and that jurisdiction, in the sense of judicial power to act, does not depend on legislative authorization. . . . Thus '[n]o circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever.'") (quoted sources omitted); State v. Bollig, 222 Wis. 2d 558, 565, 587 N.W.2d 908, 911 (Ct. App. 1998) ("A circuit court has subject matter jurisdiction, conferred by the state constitution, to consider and determine any type of action . . . ."); Cepukenas v. Cepukenas, 221 Wis. 2d 166, 170, 584 N.W.2d 227 (Ct. App. 1998) ("So although a court is vested with subject matter jurisdiction by the constitution, the legislature may enact statutes limiting a court's exercise of subject matter jurisdiction. Such a legislative enactment affects that court's competency to proceed rather than its subject matter jurisdiction."); Kohler Co. v. Wixen, 204 Wis. 2d 327, 336-37, 555 N.W.2d 640 (Ct. App. 1996) ("Although a court is vested with subject matter jurisdiction by the constitution, the legislature may enact statutes which limit a court's power to exercise subject matter jurisdiction. Such legislative measures affect a court's competency rather than its jurisdiction."). Compare State v. Annala, 168 Wis. 2d 453, 462, 484 N.W.2d 138 (1992) (recognizing that "Article VII, sec. 8 of the Wisconsin Constitution and sec. 753.03, Stats., vests within the circuit court the power to hear and determine all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court. . . . Section 48.12(1) Stats.,
(continued)

21

¶80 These broad pronouncements in the cases are "the kind of hyperbole that sometimes creeps into opinions . . . ."[29] These pronouncements have detached our jurisprudence regarding Article VII, Section 8 from the very text this court is supposedly interpreting. Ignoring a key phrase in the state constitution is not an acceptable form of constitutional interpretation.[30]

¶81 Properly interpreted, Article VII, Section 8 allows the legislature to divest circuit courts of subject matter

---

expressly provides that the juvenile [branch of the circuit] court shall have exclusive jurisdiction" over certain actions . . . .").

[29] United States v. Dessart, ___ F.3d ___, ___ (7th Cir. 2016) (Posner, J., concurring) (quoting United States v. Curescu, 674 F.3d 735, 741 (7th Cir. 2012)).

[30] See Thompson v. Craney, 199 Wis. 2d 674, 680, 546 N.W.2d 123 (1996) (stating, as prior and subsequent cases have stated, that when interpreting the Wisconsin Constitution, the court should look to "the plain meaning of the words in the context used; the constitutional debates and the practices in existence at the time of the writing of the constitution; and the earliest interpretation of the provision by the legislature as manifested in the first law passed following adoption.").

jurisdiction so long as the legislature places the power to hear those cases in other courts within the unified court system.[31]

¶82 The majority opinion acknowledges this limitation in a footnote (¶18, n.10), but then missteps, asserting that the constitutional phrase "except as otherwise provided by law" "forecloses the legislature from enacting a statute that would circumscribe the broad constitutional grant of subject matter jurisdiction to circuit courts."

¶83 At times, the majority opinion appears to recognize that "never" in Mikrut does not mean "never ever." At other times, the majority opinion repeatedly asserts that a circuit court never lacks subject matter jurisdiction.

---

[31] The legislature has interpreted Article VII, Section 8 of the Wisconsin Constitution as permitting it to divest circuit courts of jurisdiction. Wisconsin Stat. § 753.03 states: "The circuit courts have power to hear and determine, within their respective circuits, all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court . . . ." See also Mueller v. Brunn, 105 Wis. 2d 171, 176, 313 N.W.2d 790 (1982) ("We recognize, however, that the legislature has the authority to abolish heretofore recognized common law actions (e.g., breach of promise suits) and may set standards for exhaustion of administrative remedies or for primary jurisdiction prior to the proper invocation of the court system's subject matter jurisdiction.").

See State v. Annala, 168 Wis. 2d 453, 462, 484 N.W.2d 138 (1992), (recognizing that "Article VII, sec. 8 of the Wisconsin Constitution and sec. 753.03, Stats., vests within the circuit court the power to hear and determine all civil and criminal actions and proceedings unless exclusive jurisdiction is given to some other court. . . . Section 48.12(1) Stats., expressly provides that the juvenile [branch of the circuit] court shall have exclusive jurisdiction" over certain actions . . . . "

23

¶84 The majority opinion does not attempt to resolve this inconsistency or interpret Article VII, Section 8 of the Wisconsin Constitution and our case law. Instead, the majority opinion single-mindedly and steadfastly repeats Mikrut's assertions that the legislature is foreclosed from enacting a statute that would circumscribe the broad constitutional grant of subject matter jurisdiction to the circuit courts and that "a circuit court is never without subject matter jurisdiction."

¶85 Unfortunately, Mikrut rests on a defective foundation.

¶86 Mikrut misconstrued both Eberhardy v. Circuit Court for Wood County, 102 Wis. 2d 539, 307 N.W.2d 881 (1981), and Article VII, Section 8 without genuinely analyzing either.[32] I shall undertake that analysis, beginning with Eberhardy, and recognizing that Eberhardy in turn analyzes and rests upon Article VII, Section 8.

¶87 The issue in Eberhardy was whether a circuit court could order sterilization of a woman who was not competent to consent to sterilization. Eberhardy made clear that legislative

---

[32] Mikrut, 273 Wis. 2d at 86, cites Eberhardy v. Circuit Court for Wood County, 102 Wis. 2d 539, 307 N.W.2d 881 (1981), and Mueller v. Brunn, 105 Wis. 2d 171, 176, 313 N.W.2d 790 (1982), for the proposition that a circuit court is never without subject matter jurisdiction. Mueller does not cite or quote the Wisconsin Constitution. Mueller merely cites Eberhardy for the proposition that "no circuit court is without subject matter jurisdiction to entertain actions of any nature whatsoever." Mueller, 105 Wis. 2d at 176. Because Mueller adds nothing to the discussion in Mikrut or Eberhardy, I address Eberhardy, Mikrut, and the Wisconsin Constitution, not Mueller.

24

authority was not needed for a circuit court to decide the issue presented.[33] But Eberhardy also made clear that the legislature can withdraw categories of cases from a circuit court's decision making power, so long as that power is placed elsewhere in the unified court system.

¶88 The Eberhardy court explained the effect of the pre-1977 and post-1977 constitutional provisions relating to the subject matter jurisdiction of circuit courts as follows.

¶89 Both before and after the 1977 Wisconsin constitutional amendments, Article VII, Section 2 mentions

---

[33] The lack of legislation on this topic did not, however, make the circuit courts unable to hear these cases, render judgments, or issue orders. Rather, the court reasoned that sound judicial policy militated against the judiciary's rendering a decision about the fundamental right to bear children without input as to the state's public policy interests. Eberhardy, 102 Wis. 2d at 576.

The context of Eberhardy is important. In that case, both the guardian ad litem and the legal guardian of the individual supported sterilization. Eberhardy, 102 Wis. 2d at 570. The court was uniquely ill-suited to decide the case; no party informed the court "why sterilization might be improper." Eberhardy, 102 Wis. 2d at 570. Lest one think that the Wisconsin Supreme Court (or circuit courts) would permanently be the wrong forum to address these concerns, the court concluded its opinion by stating, "[P]ursuant to our supervisory authority we direct such jurisdiction shall not be exercised until the state's policy to do so is set forth by appropriate legislation or until further order of this court." Eberhardy, 102 Wis. 2d at 578-79 (emphasis added).

Thus, the legislature (through inaction) could not permanently prevent circuit courts from exercising their power to hear actions on this topic.

25

circuit courts and authorizes the legislature to establish inferior courts.

¶90 Before the 1977 amendments, Article VII, Section 8 stated: "The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, <u>not excepted by this constitution, and not hereafter prohibited by law</u> . . . ." (emphasis added).

¶91 The 1977 amendments to Article VII, Section 8 changed the language "not hereafter prohibited by law" to read "[e]xcept as otherwise provided by law . . . ."

¶92 In <u>Eberhardy</u>, the court declared that "[t]his change, however, is not substantive."[34]

¶93 Thus, pre-1977 and post-1977 cases should be examined in interpreting the present version of Article VII, Section 8 of the Wisconsin Constitution.

¶94 The <u>Eberhardy</u> court explained that under both the pre-1977 and post-1977 versions of Article VII, Section 8, the legislature could divest and reallocate jurisdiction over certain types of cases from the circuit courts to other courts. The legislature could not, however, transfer jurisdiction to an entity outside the unified court system. Why not? Because Article VII, Section 2 of the Wisconsin Constitution vests judicial power in "a unified court system."

_____

[34] <u>Eberhardy</u>, 102 Wis. 2d at 550.

26

¶95 The Eberhardy court explained the rule that the legislature could constitutionally transfer jurisdiction from the circuit courts to other courts by referring to a 1954 article authored by Attorney E. Harold Hallows (who later served on the Wisconsin Supreme Court) and Attorney Jack DeWitt as follows:

> It has previously been pointed out that this language ["[e]xcept as otherwise provided by law" in Article VII, Section 8] only allows for a legislative reallocation of jurisdiction from the circuit court to another court. It does not permit the legislature to divest the constitutional grant of jurisdiction from the unified court system; and under the unified system created by the amendment of 1977, original jurisdiction is vested wholly in the circuit court. The legislative allocation of jurisdiction under the constitution as it existed prior to 1977 was discussed in [E. Harold] Hallows & [J.R.] DeWitt, The Need for Court Organization, 1954 Wis. L. Rev. 377 [sic], 387 n.54. It was pointed out therein that the legislative authority to reallocate judicial power and to transfer it from one court to another could not abrogate the court system's powers. Rather, as was said in State v. Wimberly, 55 Wis. 2d 437, 441, 198 N.W.2d 360 (1972), quoting Callanan v. Judd, 23 Wis. 343 (1868), the language was designed:
>
> " . . . to enable the legislature to distribute the jurisdiction in both matters at law and in equity, as between the circuit courts and the other courts in the state. . . . "

Eberhardy, 102 Wis. 2d at 550-51.

¶96 Note 54 in the Hallows and DeWitt article explains that the pre-1977 Article VII, Section 8, permitted jurisdiction to be divested from circuit courts, as follows:

> Cases permitting jurisdiction to be divested from circuit court are Bookhout v. State, 66 Wis. 415, 28 N.W. 179 (1886); Lannon v. Hackett, 49 Wis. 261, 5

N.W. 474 (1880); Goyke v. State, 136 Wis. 557, 117 N.W. 1027 (1908); State v. Krause, 260 Wis. 313, 50 N.W.2d 439 (1951). See also Hicks v. Hardy, 241 Wis. 11, 4 N.W.2d 150 (1942), holding that probate jurisdiction is in county rather than circuit court.

E. Harold Hallows & J.R. DeWitt, The Need for Court Organization, 1954 Wis. L. Rev. 376, 387 n. 54.

¶97 Hicks v. Hardy, 241 Wis. 11, 4 N.W.2d 150 (1942), is instructive in understanding Article VII, Section 8 and Eberhardy. In Hicks, the plaintiff widow brought an action in equity in the circuit court to vacate a county court judgment. The Hicks court dismissed the circuit court action, holding that only the county court in probate had such jurisdiction.

¶98 Other cases have also recognized that pre-1977 Article VII, Section 8 of the Wisconsin Constitution "confers upon the legislature power to restrict the original jurisdiction of the circuit courts." State v. Krause, 260 Wis. 313, 320, 50 N.W.2d 439 (1951); see also Bookhout v. State, 66 Wis. 415, 418 (1886).

¶99 The case law, including Eberhardy, and the text of Article VII, Section 8 of the Wisconsin Constitution clearly demonstrate that (both before and after the 1977 constitutional amendments) the legislature is not foreclosed from enacting a statute divesting circuit courts of subject matter jurisdiction so long as the jurisdiction is reallocated to other courts within the unified court system. Thus, as a matter of law, a circuit court may be without subject matter jurisdiction as a result of legislative action.

¶100 I now turn from the majority opinion's misguided refrain (taken from Mikrut) that circuit courts never lack subject matter jurisdiction to address the confusing cases defining and differentiating between circuit court "subject matter jurisdiction" and circuit court "competency." These cases are based on misunderstandings.

B

¶101 As noted previously, allowing parties to raise subject matter jurisdiction challenges at any time "posed difficulty chiefly because, if taken literally, it subverted the principle of finality."[35] In attempting to preserve the finality of judgments, this court has manufactured a doctrine, allegedly stemming from the state constitution, whereby circuit courts are never without "subject matter jurisdiction" but may instead lack "competency."

¶102 The distinction between subject matter jurisdiction and competency, apparently first described in Wisconsin in Mueller v. Brunn, 105 Wis. 2d 171, 313 N.W.2d 790 (1982), and supposedly clarified by Mikrut,[36] remains unclear and confusing and has been applied inconsistently by the court of appeals.

¶103 As recently as this year, the Wisconsin Court of Appeals explicitly noted the uncertainty regarding these two terms. See DWD v. LIRC, 2016 WI App 21, ¶8, 367 Wis. 2d 609,

---

[35] Restatement (Second) of Judgments § 12 cmt. b at 117.

[36] See majority op., ¶¶11, 14, 19 (asserting that Mikrut clarified the law of subject matter jurisdiction and circuit court competency).

29

877 N.W.2d 620 ("In fairness to the parties, the case law addressing competency and jurisdiction in Wisconsin is not a beacon of clarity.").

¶104 In 2005, 13 years after Mueller was decided and just one year after Mikrut, this court described the case law on subject matter jurisdiction and competency as "murky at best." Bush, 283 Wis. 2d 90, ¶16.

¶105 In 1991, nine years after Mueller, this court acknowledged that the terms "subject matter jurisdiction" and "competency" have been inconsistently used and defined by courts and commentators across the country. See Green Cnty. DHS v. H.N., 162 Wis. 2d 635, 656 n.17, 469 N.W.2d 845 (1991).

¶106 The instant case is a prime example of the confusion that the "subject matter jurisdiction/competency" terminology has wrought on Wisconsin's jurisprudence. We might expect different districts of the Wisconsin Court of Appeals occasionally to reach inconsistent conclusions. Yet a decade after Mikrut supposedly "clarified Wisconsin's jurisprudence,"[37] the court of appeals reached inconsistent decisions on competency and subject matter jurisdiction issues similar to

---

[37] Majority op., ¶14.

those presented in the instant case.[38] This continued confusion illustrates Mikrut's failure to actually clarify the law surrounding subject matter jurisdiction.

¶107 The confusion between subject matter jurisdiction and competency is not surprising for several reasons.

¶108 First, unfortunately, Mueller defined "subject matter jurisdiction" and "competency" using the same words. This language was bound to cause confusion. See Shopper Advertiser, Inc. v. DOR, 117 Wis. 2d 223, 238, 344 N.W.2d 115 (1984) (Abrahamson, J., concurring in part and dissenting in part).[39]

¶109 Second, Mueller referred to the Restatement (First) of Judgments § 7 (1942) for the distinction between these terms. A careful reading of section 7 and the comments in the Restatement

---

[38] See majority op., ¶13 n.7. As the majority opinion explains in note 7, the court of appeals has reached inconsistent results in several recently decided, unpublished opinions addressing similar arguments to those raised in the instant case. Compare, e.g., State v. Navrestad, No. 2014AP2273, unpublished slip op. (Wis. Ct. App. July 2, 2015) (following Mikrut's competency-subject matter distinction) with City of Stevens Point v. Lowery, No. 2014AP742, unpublished slip op. (Wis. Ct. App. Feb. 5, 2015) (applying Rohner and holding that the circuit court lacked subject matter jurisdiction) and Clark Cnty. v. Potts, No. 2012AP2001, unpublished slip op. (Wis. Ct. App. March 28, 2013) (same).

[39] As I pointed out in 1984, the court's opinions do not clarify the meaning of the terms "subject matter jurisdiction," "competency," and "venue"; the terms are used interchangeably in the opinions; and it does not matter what terminology is used as long as the court defines the terms, uses the terms in a consistent fashion, and explains the consequences of the classifications it establishes. Shopper Advertiser, Inc. v. DOR, 117 Wis. 2d 223, 236-38, 344 N.W.2d 115 (1984) (Abrahamson, J., concurring in part and dissenting in part).

shows that the Restatement (First) uses the terms subject matter jurisdiction and competency "more or less interchangeably." Shopper Advertiser, 117 Wis. 2d at 237 (Abrahamson, J., concurring in part and dissenting in part) (quoting Richard H. Field & Benjamin Kaplan, Civil Procedure 603 (2d ed. 1968)).

¶110 Furthermore, Restatement (Second) of Judgments, Introductory Note at 28 (1982), explains that it uses the term "subject matter jurisdiction," rather than "competency," "simply because it [subject matter jurisdiction] is much more commonly used in American legal parlance than 'competence' or 'competency.'" The Restatement notes, however, that sometimes the rules of subject matter jurisdiction are referred to as rules of competency. See comments to § 11 at 108-09.

¶111 Third, the Wisconsin statutes (and rules promulgated by this court) generally refer to a circuit court's subject matter jurisdiction, not competency. See, e.g., Wis. Stat. § 645.04(5), 801.04(1), 801.05, 801.07, 802.06(8)(c).

¶112 For example, Wis. Stat. § (Rule) 801.04(1) defines subject matter jurisdiction as "[t]he power of the court to hear the kind of action brought. . . . Jurisdiction of the subject matter is conferred by the constitution and statutes of this state and by statutes of the United States . . . ." Section (Rule) 802.06(8)(c) provides that if "the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

¶113 The statutes also refer to competency. See, e.g., §§ 48.245(7); 48.25(2); 938.245(7)(a); 938.25(2)(a), (b);

32

938.315(3) (refers to competency and subject matter jurisdiction); 980.038(1)(a) (refers to competency and subject matter jurisdiction). These statutes state that the failure to object to noncompliance with the specified statutory time period waives this challenge to the court's ability to proceed.

¶114 Fourth, over the years Wisconsin courts have used the terms "competency" and "subject matter jurisdiction" "in a variety of ways." Miller Brewing Co. v. LIRC, 173 Wis. 2d 700, 705 n.1, 495 N.W.2d 660, 661 (1993) (citing Green Cnty. DHS v. H.N., 162 Wis. 2d 635, 656, 469 N.W.2d 845 (1991)).

¶115 The case law in the more than 30 years that have elapsed since Mueller ushered in the distinction between subject matter jurisdiction and competency demonstrates that clarification and development of the law is needed. Although this court is supposed to clarify and develop the law, the majority opinion fails in that task.

¶116 For the reasons set forth, I dissent. I conclude that the first-offense civil OWI judgment entered by the Eau Claire circuit court against Booth Britton is void. Accordingly, the judgment should be vacated under Wis. Stat. § 806.07(1)(d), and the circuit court's decision should be affirmed.

¶117 I am authorized to state that Justice ANN WALSH BRADLEY joins this opinion.